MOORE ET AL. v. RANSDEL ET AL.

[No. 19,416. Filed March 9, 1901. Rehearing denied June 26, 1901.]

TRUSTS.—*Creation.*—*Evidence.*—*Husband and Wife.*—It was agreed between a husband and wife that certain land owned by the wife should become the property of her brothers by will or deed. Some time before her death she executed a will disposing of her property, which she afterward destroyed, and, after a private conversation with her husband, stated that it was all settled, that she wanted her brothers to have five or six hundred dollars each, that she had left it entirely with her husband, who had promised to do right with her brothers, and that she believed he would do so. *Held*, that no trust was created in the land in favor of the brothers. *pp. 659, 660.*

SAME.—*Husband and Wife.*—*Contracts.*—*Consideration.*—A husband and wife agreed that certain land owned by the wife should become the property of her brothers; but the proposed trust in favor of the brothers was never created. After the death of the wife, the husband, who was her sole heir, called the brothers together for the purpose of executing to them a deed to the land, but it was agreed in writing that the husband should continue to hold the land and sell it and divide the proceeds among the brothers. *Held*, that since no trust was created in the land in favor of the brothers, the agreement was, in effect, to hold his own land in trust for them, and, the agreement being without consideration, it was unenforceable. *pp. 660, 661.*

APPEAL AND ERROR.—*Reversal of Judgment on Insufficiency of Findings.* — *Pleadings.*—Where a judgment was reversed because the findings did not sustain the complaint, it is immaterial what answers, beyond the general denial, were filed. *p. 661.*

From the Clinton Circuit Court. *Reversed.*

*Ira M. Sharp,* for appellants.

*M. E. Clodfelter* and *H. N. Fine,* for appellees.

BAKER, J.—This is the second appeal of this case. *Ransdel* v. *Moore,* 153 Ind. 393. On the first appeal, the fourth and fifth paragraphs of the complaint of the Ransdels were held to state facts sufficient, and the judgment on demurrer in favor of the Moores was reversed with directions to overrule the demurrer to those paragraphs. After this was done, the Moores answered, and a trial was had, which resulted in a special finding of facts, conclusions of law, and judgment

in favor of the Ransdels. The law of the case was determined on the former appeal. The question now is whether or not the case stated in the complaint was made out on the trial.

The fourth paragraph counts upon an express trust in realty. See *Ransdel* v. *Moore*, 153 Ind. 393. The special finding follows this paragraph except in certain important particulars.

With respect to the creation of the alleged express trust by the settlor, Elizabeth A. Moore, and the consideration moving to the trustee, Willis E. Moore, the finding is this: After their marriage, Willis agreed that the brothers of Elizabeth should become, either by will or by deed, the owners of the land. Some time before her death, Elizabeth recognized that she was fatally ill and requested Willis to get a lawyer to prepare for her signature a deed or a will that would convey the title to her brothers. Willis promised, but failed to do so until a short time before her death, when he did procure a competent lawyer, who came and drew up for her and she executed a will disposing of her property, but she determined afterwards that the will was not satisfactory and directed her husband to destroy it, which he did. They then had a private conversation, the nature of which the evidence does not disclose, but a few minutes afterwards she stated in the presence of Willis and others: "It is all settled. I have left it with Mr. Moore and he has promised to do right with the boys and I believe he will. I have left it all entirely with him. I want my brothers to have $500 or $600 each. I have left it entirely with him and I believe he will do right." Willis then promised her that he would carry out her wishes and vest a portion of her estate in her brothers. Elizabeth was competent to make a will or a deed up to the time of her death, which fact was well known to her husband. She relied on Willis's promise to her, and died without making a will or a deed. She left quite an amount of property besides the land in question.

Soon after the death of Elizabeth, Willis called the Ransdels together for the purpose of executing to them a deed of the land, the legal title to which was cast upon Willis by the death of Elizabeth. One of the brothers suggested that Willis should retain the title for them, find a purchaser, and divide the proceeds among the brothers. This was agreed upon. To evidence the agreement, Willis drew up and delivered to the brothers the memorandum set out on pages 397-8 of the former opinion. Not finding a purchaser at once, Willis borrowed, by mortgaging the land, $1,500 at one time and divided it among the brothers, and $500 at another time for their benefit. In distributing the $1,500, Willis wrote the letter set out on page 399 of the former opinion. Some time afterwards Willis died intestate, leaving as his heirs the Moores who are appellants here. They entered upon the land and claimed absolute ownership. Thereupon the Ransdels began this suit.

. Elizabeth Moore, under the finding, did not create a trust in the land. At most she created a trust in a general charge upon her whole estate to the extent of $600 in favor of each brother; and that was not the trust sued upon.

Assuming that the finding definitely establishes that Willis Moore, after the death of his wife, entered into an agreement with the Ransdels to hold the title as trustee for them, the finding clearly discloses that there was no consideration for such an agreement. (1) The alleged antenuptial contract was never made. Even if it had been made, Elizabeth could have waived it; and it would have been waived by her creation of the trust set out in the finding. (2) The vesting of the title in Willis, under a promise by him to his wife to hold the land on the terms of the express trust pleaded, would have been sufficient consideration to support Willis's agreement with the Ransdels; but the finding is contrary to the allegation. He could not accept the title under a trust that was never created. His agreement with the Ransdels, therefore, was to hold his own land in

trust for them. Since there was no consideration, and since the agreement was executory, it can not be enforced. And, though Willis might have performed his voluntary undertaking if he had lived, no legal wrong is chargeable to his heirs for refusing to do so.

The fifth paragraph of complaint counts upon a trust *ex maleficio,* which arose from the fraud of Willis in preventing Elizabeth from making a deed or a will that would convey the land to her brothers. See *Ransdel* v. *Moore,* 153 Ind. 393. The finding shows that Willis did not deprive her of the opportunity of making a deed or a will, and that he executed the promise she exacted of him to vest five or six hundred dollars of her estate in each of her brothers.

The death of one of the appellees since the submission of this cause is suggested.

Judgment reversed, now as of the date of submission, with directions to restate the conclusions of law and to enter judgment thereon in favor of appellants.

## On Petition for Rehearing.

Baker, J.—A rehearing is asked because the cross-assignments of error, which challenge the sufficiency of certain answers, were not considered. As the judgment was reversed because the findings did not sustain the complaint, it is immaterial what answers, beyond the general denial, were filed. The other matters, urged in the petition, were fully determined on the original hearing, and we see no reason for changing the decision.

Petition overruled.