ORVAL D. HUNTER, ADMINISTRATOR OF THE ESTATE OF RAY E. HUNTER DECEASED; HILDA HUNTER *v.* IVA HUNTER; FRANKIE FERGUSON.

[No. 568A97. Filed May 14, 1973.]

*James B. Sparks,* of Bloomfield, for appellants.

*Ferguson, Berry, Ferguson & Bridges,* of Bloomington, for appellees.

BUCHANAN, P.J.—Defendant-appellants Orval D. Hunter, Administrator of the Estate of Ray E. Hunter, Deceased (Ray), and Hilda Hunter (jointly referred to as Orval), seek clarification and enforcement of the mandate contained in our opinion rendered in this case on June 14, 1972, at 283 N.E.2d 775.

The original action commenced in 1967 by plaintiffs-appellees Iva Hunter and Frankie Ferguson (Iva and Frankie) sought to establish a constructive trust on land which they had conveyed to their brother, Ray, prior to his death. The

trial court found a constructive trust, entered judgment for Iva and Frankie, and appointed a Commissioner who conveyed the land in question to Iva and Frankie on March 28, 1968 (Deed recorded in Deed Record 192, Page 281 in the Recorder's Office of Greene County, Indiana).

No application to stay proceedings pending appeal was filed in this or the trial court pursuant to former Supreme Court Rule 2-3. Possession and title to the land remain in Iva and Frankie.

Our opinion of June 14, 1972 held the evidence insufficient to establish a constructive trust and concluded, "Therefore the judgment is reversed."

On March 26, 1973, the Indiana Supreme Court denied Iva and Frankie's Petition To Transfer.

Lamenting continued possession and title to the land in Iva and Frankie, Orval's Petition now seeks to clarify the relief granted by our opinion of June 14, 1972, and further requests that we mandate the Daviess Circuit Court to effectuate transfer of title to the name of Ray E. Hunter.

It is well settled that a court on appeal retains jurisdiction of the original cause for the purpose of effectuating its mandate. *International Shoe Co.* v. *Lacy* (1945), 116 Ind. App. 78, 61 N.E.2d 85; *Union Trust Co.* v. *Curtis* (1917), 186 Ind. 516, 116 N.E. 916. Also see Rule AP. 15(M).

The effect of our mandate stating that the trial court's "judgment is reversed" was to vacate and nullify the trial court's judgment and any orders based thereon and return the parties to the positions they occupied prior to the trial court's judgment.

To avoid any lingering doubt as to the effect of our previous judgment we hereby specifically order the trial court to:

1) enter an order reversing its judgment in favor of Iva and Frankie,
2) enter judgment for Orval,

3) cause conveyance of title to the land described above to be effected to Orval as administrator of the Estate of Ray E. Hunter, deceased, or to such other person or persons legally entitled thereto, free of trust.

4) appoint a commissioner if necessary for such reconveyance,

5) to do such further acts and to require such further proceedings as are consistent with this and our prior opinion in this case.

NOTE.—Reported at 295 N.E.2d 834.