IN THE MATTER OF CLIFFORD M. DEWITT.

[No. 576S138. Filed April 17, 1978.]

*Clifford M. DeWitt,* pro se.

*David B. Hughes* and *David L. Copenhaver,* Indiana Supreme Court Disciplinary Commission, of Indianapolis, for Disciplinary Commission.

PER CURIAM.—This is a disciplinary proceeding before this Court on an amended seven-count complaint filed by the Disciplinary Commission of the Supreme Court pursuant to Admission and Discipline Rule 23, § 12. On June 13, 1977, this Court suspended the respondent from the practice of law in this State pending the final determination of this cause.

The hearing officer appointed by this Court scheduled this matter for hearing on October 12, 1977. Service of the respondent was made by filing the notice with the Clerk of this Court who then in turn provided an affidavit that the notice of the hearing was forwarded to the respondent's address as shown on the records of the Clerk's office. Additionally, the Disciplinary Commission attempted to serve, by certified mail, the notice of hearing to all known, possible addresses of the respondent. We find that the respondent was served under the authority of Admission and Discipline Rule 12(d).

The respondent did not appear at the scheduled hearing on October 12, 1977. After finding that service had been accomplished, the Hearing Officer conducted a hearing into the charges of misconduct lodged against the respondent. The Hearing Officer's findings of fact and conclusions are now before this Court for review pursuant to Admission and Discipline Rule 23, § 15(a).

The respondent is charged under the Amended Complaint with conduct involving dishonesty, fraud, deceit, or misrepresentation, conduct adversely reflecting on his fitness to practice law, conduct violative of the disciplinary rules, neglect of entrusted legal matters, failing to seek the lawful objectives of his clients, failing to carry out his contracts of employment, damaging and prejudicing the interests of his clients during the course of representation, not depositing client's funds in

an identifiable account, not promptly paying over client's funds, not promptly notifying clients of the receipt of their funds, illegal conduct involving moral turpitude, conduct prejudicial to the administration of justice, knowingly engaging in illegal conduct, failing to disclose that which is required by law to be revealed, knowingly making false statement of law and fact, the creation of false evidence, engaging in discourteous or degrading conduct before a tribunal, and habitually violating a rule of procedure.

After examining all matters which have been submitted in this cause, this Court now adopts and accepts as its own the findings of fact submitted by the Hearing Officer appointed in this cause. Accordingly, under Count I of the Amended Complaint, this Court now finds as follows:

1. Mr. and Mrs. Delbert Woolwine contracted with Family Financial Counselors to arrange a loan consolidation. After satisfying their obligation to Family Financial Counselors, the Woolwines assumed that those creditors which had been parties to the debt consolidation were satisfied. However, shortly thereafter, one of the creditors, Town and Country Charge, instituted proceedings against the Woolwines for the balance of a debt, which Family Financial Counselors had contracted to satisfy. Town and Country obtained a default judgment against Woolwines and by instituting proceedings supplemental to execution were able to garnish Mr. Woolwine's wages. In an effort to end the garnishment and seek satisfaction from Family Financial Counselors, the Woolwines on April 30, 1971, retained the Respondent, Clifford DeWitt.

2. Upon being hired, Respondent promised to take action to have the garnishment order which had been obtained by Town and Country Charge lifted and to file suit against Family Financial Counselors for their alleged breach of contract.

3. No action had been taken to protect the client's wages as of August 22, 1975, the date he filed a complaint on this matter with the Disciplinary Commission, and as a result, the client suffered garnishment until the Five Hundred Dollar ($500.00) judgment was satisfied.

4. Between April, 1971, and May, 1972, the clients frequently contacted Respondent about preparing their case

against Family Financial Counselors for court. Respondent sent a letter to his clients advising that their case was set for trial on May 18, 1972, when in fact he had not yet filed the case.

5. Respondent delayed his clients through letters, telephone calls, and promises, until early in 1974, when in an attempt to discover the status of their action the clients contacted Marion County Municipal Court 7, where the case was allegedly filed, and discovered that the matter had in fact, never been filed.

6. Only after Respondent was confronted by his client with the discovery that the case had not been filed did Respondent actually file the case. The case was set for trial on September 16, 1974, at which time it was continued. Respondent has taken no further action of record since that time.

Under Count III, IV, V, and VI of the Amended Complaint, adopting the findings of the Hearing Officer, this Court now finds as follows:

## Count III

1. The Respondent was hired by Mr. George Avalos in April, 1973, to assist in the purchase of a certain real estate lot in Meridian Woods, a subdivision of the City of Indianapolis, the sale of said lot being handled by Cook Realty Company.

2. The sum of One Thousand Dollars ($1,000.00) was given by Mr. Avalos to the Respondent for use as a downpayment on that lot.

3. No action was taken by Respondent to purchase the aforementioned lot, even though it was for sale during April, May, and until June 4, 1973.

4. The Respondent falsely represented that he had attempted to purchase the property through negotiations with Cook Realty Company and that the property was not for sale.

5. When the client requested the return of the aforementioned One Thousand Dollars ($1,000.00) as a result of the failure of the land transaction to be consummated, the Respondent refused.

6. The Respondent kept the One Thousand Dollars ($1,000.00) until sometime after Mr. Avalos filed his complaint with the Disciplinary Commission of this Court on February 5, 1975. It was only after said grievance was

filed and the grievant engaged the services of another attorney, Duge Butler, was the sum returned.

### Count IV

1. The aforementioned Mr. George Avalos received an electric shock while working on a project at 4730 South Arlington Avenue on February 21, 1973. The Respondent herein was employed sometime thereafter to take action against Indianapolis Power and Light Company based on that accident.

2. The Respondent failed to inform his client as to the progress of this case.

3. The claim against Indianapolis Power and Light Company was pursued by the Respondent.

4. Said claim was settled without his client's knowledge or consent on May 15, 1973, for $300.00. A check dated May 14, 1973, for that amount drawn on the account of the American States Insurance made payable to George A. Avalos and Clifford M. DeWitt, his attorney, was given in exchange for a release of the claim.

5. The release was purportedly signed by George Avalos and Clifford DeWitt, but in fact Mr. George Avalos never saw nor did he sign the release or the check.

6. Mr. Avalos never knew about or agreed to the settlement of his claim, never agreed to a release or settlement, and never received any portion of the aforementioned $300.00.

### Count V

1. Mr. Ira W. Williams was injured in an accident in Kentucky on December 12, 1973. In January, 1974, he hired Respondent to take action based on that accident; consequently an action entitled *Ira W. Williams* v. *Wilhelmi's Douglas American, Inc. and August L. Birchler*, Cause Number 74-465L(A) was filed in the United States District Court, Western District of Kentucky, Louisville Division.

2. Upon subsequent inquiries by his client, the Respondent stated to Ira W. Williams that the case had been postponed time after time. Eventually, the Respondent refused to answer the telephone calls of his client, and upon investigation Mr. Williams discovered the Respondent's office vacant.

3. In an attempt to discover the status of the action, Mr. Williams contacted the United States District Court for the Western District of Kentucky, while he and his wife

were in Louisville, Kentucky. Their inquiry revealed that on February 3, 1976, the case was dismissed on an order stating that the matter was settled and paid in full. The claim was released without the client's knowledge or consent for $7,500.00. However, both the aforementioned order and the corresponding "Full and Final Release" dated January 29, 1975, bore what was purportedly the signature of Ira W. Williams.

4. The signatures of Ira W. Williams on the aforementioned order and the release were forged.

5. A settlement check for $7,500.00 dated January 26, 1976, was issued from American States Insurance to Ira W. Williams and Clifford M. DeWitt, his attorney.

6. The Respondent did not inform his client that the case was settled and that he had received $7,500.00 for it.

7. The said check was cashed at Merchant's National Bank on January 29, 1976, with the endorsement of Respondent and the forged endorsement of Ira W. Williams, and paid by American States Insurance Company on February 2, 1976.

8. With the proceeds of said check the Respondent purchased a Five Thousand Dollar ($5,000.00) Cashier's Check on the same date, January 29, 1976. Said check was payable to Ira W. Williams. This check was cashed on February 3, 1976 by the Respondent, and endorsed as follows:

Not used for
intended purposed (sic)
Clifford M. DeWitt (signature)

9. Ira W. Williams has received no portion of said Seven Thousand Five Hundred Dollars ($7,500.00) check or said Five Thousand Dollar ($5,000.00) check. In fact he has never received any money as the result of said settlement and has hired counsel and instituted civil action against the Respondent in an attempt to recover damages.

## Count VI

1. The Respondent was hired by Mr. George R. Brown in July, 1974, to file bankruptcy. The Respondent was paid in full, $250.00 for his fee plus $51.00 filing fee, during the remainder of 1974.

2. The Respondent failed to file the bankruptcy until July 18, 1975, when he did file Bankruptcy Number IP 75-2797B.

3. The Respondent allowed his client to believe the bankruptcy was filed in 1974. He stated to Mr. George R. Brown,

the client, that the court had issued restraining orders so that his wages could not be garnisheed, but during 1975, the client's wages were in fact garnisheed.

4.   It was not until sometime early in 1976 that the client became completely dissatisfied and asked that his files be returned so that he could obtain another attorney. Only when he saw the file did he discover the manner in which his affairs had been neglected by the Respondent.

5.   Further, several creditors were omitted from the original petition, forcing Mr. Brown to hire additional counsel in an attempt to reopen the matter. The matter is still pending in the United States District Court for the Southern District of Indiana.

6.   Mr. Brown has never received any portion of his fee back from the Respondent.

Counts II and VII of the amended complaint were dismissed by the Hearing Officer and this Court adopts and accepts as its own such rulings.

This Court further finds that the acts of the respondent as found under Counts I, III, and VI of the amended complaint establish that the respondent engaged in conduct involving fraud and misrepresentation, neglected legal matters entrusted to his care, failed to carry out employment contracts, damaged his clients during the course of their professional relationship, and failed to seek the lawful objectives of his clients. Accordingly, this Court now finds that the respondent has violated Disciplinary Rules 1-102(A)(4), 6-101(A)(3), 7-101(A)(1), 7-101(A)(2), and 7-101(A)(3) of the Code of Professional Responsibility.

Under Counts IV and V of the amended complaint, without deciding that the respondent personally forged his client's signature, we find that the respondent knew, or should have known, of the forged signatures. The acts of the respondent as found under these two counts constitute illegal conduct involving moral turpitude, conduct involving fraud, deceit, and misrepresentation, conduct adversely reflecting upon respondent's fitness to practice law, a failure to seek out the lawful objectives of clients, a failure to carry out employment contracts, conduct damaging

the interests of a client during the course of representation and a failure to preserve the identity of a client's funds. Accordingly, the Court now finds that the respondent has violated Disciplinary Rules 1-102(A)(3), 1-102(A)(4), 1-102 (A)(6), 7-101(A)(1), 7-101(A)(2), 7-101(A)(3), and 9-102(A) of the Code of Professional Responsibility.

The misconduct found in this case is extremely grave. The respondent has not merely transgressed the disciplinary rules; his conduct appears deliberate and without extenuation. On more than one occasion his professional representation constituted an unmitigated disservice to his clients. The respondent has deceived his clients, misrepresented facts, improperly profited from client's funds, and failed to meet employment obligations. The clients affected by his conduct have just reason to complain as the bench and bar have ample reason to complain in that the respondent's acts have probably done irreparable harm to the entire legal profession.

This Court can only express its total abhorrence of the respondent's conduct in the strongest terms. In order to preserve the integrity of the legal profession and in order to protect the public from future acts of misconduct as found in this case this Court must impose the strongest disciplinary sanction available under the Constitution of this State. It is therefore ordered that, by reason of the misconduct found in this case, the Respondent be, and he hereby is, disbarred as an attorney in the State of Indiana.

Costs of these proceedings are assessed against the respondent. DeBruler, J., not participating.

NOTE.—Reported at 374 N.E.2d 514.