Walter V. WHITE, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 2–780A242.

Court of Appeals of Indiana, First District.

Dec. 4, 1980.

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

Defendant–appellant Walter V. White appeals the denial by the trial court of his motion for Post–Conviction relief. The sole issue on appeal is whether the guilty plea was knowingly, intelligently and voluntarily entered. We affirm.

The conflict arises due to the trial judge's failure to specifically follow the dictates of *Ind.Code* 35–4.1–1–3. The error alleged on appeal is that White was not properly advised of the law and his rights, because IC 35–4.1–1–3(b) was not specifically discussed. That clause requires the court to inform the defendant that by pleading guilty he is admitting the truth of all the facts alleged in the indictment or information. The State concedes that this clause was not specifically addressed, but argues that upon a review of the record as a whole, it is apparent that White understood the consequences of his guilty plea.

Our supreme court in *Mathis v. State*, (1980) Ind., 406 N.E.2d 1182, 1183–1184, has recently summarized the requirements necessary to evaluate whether the guilty plea was knowingly and voluntarily given:

this Court has consistently held that the "essence of *Boykin* [*Boykin v. Alabama*, (1969) 395 U.S. 238, 99 S.Ct. 1709, 23 L.Ed.2d 274] is that the record must affirmatively show that a defendant entering a guilty plea does so voluntarily and intelligently." This means that the record must provide a sufficient basis for the conclusion that [the] defendant was meaningfully informed of the specific rights enumerated in *Boykin* and detailed in West's Ann.Ind.Code § 35–4.1–1–3 (1978). [Citations omitted.]

In *Neeley v. State*, [(1978) Ind., 382 N.E.2d 714], this Court held that, while a strict following of West's Ann.Ind.Code § 35–4.1–1–3 (1978) would be the preferred practice, this Court will look to the entire record of the guilty plea proceedings to determine if a defendant was

fully advised of and understood his constitutional rights. In applying the rule of *Neeley*, this Court has held that when the record shows that a plea agreement was entered into which adequately informed the defendant of his constitutional rights, reversal is not required merely because the trial judge inadvertently failed to orally inquire whether appellant understood his right to compulsory process. [Citation omitted.]

This same reasoning applies to the failure of the trial judge to specifically inform the defendant that by pleading guilty he was admitting the truth of the matters stated in the indictment or information.

Reviewing the record of the guilty plea, it is apparent White was aware of the impact and consequences of his plea. White inquired as to the court's authority to make the sentences run concurrently since he was out on parole at that time, and inquired as to whether he would be able to file a post–conviction petition if he did in fact plead guilty. The record further reveals White was involved in the planning of his defense, had reviewed the file of the case, and was aware of the evidence against him.

Although we again urge trial judges to specifically deal with each part of IC 35–4.1–1–3, under the circumstances of this case and the record before us, it is apparent the guilty plea was freely, knowingly and voluntarily given.

Judgment affirmed.

NEAL, J., concurs.

RATLIFF, J., concurs in result.