**Thomas OWENS, Appellant (Petitioner below),**

v.

**STATE of Indiana, Appellee (Respondent below).**

No. 980S366.

Supreme Court of Indiana.

April 30, 1981.

Harriette Bailey Conn, Public Defender, Carr L. Darden, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner is before this Court appealing from the denial of his petition for Post-Conviction Relief, Rule 1. His conviction for kidnapping and assault and battery with intent to commit a felony (rape) was affirmed by this Court on direct appeal. *Owens v. State,* (1978) 268 Ind. 326, 375 N.E.2d 203.

Petitioner presents the following issue for our review: whether the trial court erred in refusing to modify his sentence to conform to the ameliorative terms of present kidnapping or criminal confinement statutes.

At the time petitioner was charged, convicted, and sentenced, the crime of kidnapping as then defined carried a punishment of life imprisonment. Subsequently, our legislature, in its substantial revision of our Criminal Code, redefined the crime of kidnapping. Carved from the previous statutory definition was the offense of "criminal confinement," Ind.Code § 35–42–3–3 (Burns 1979 Repl.), punishable by a significantly less severe penalty than the life imprisonment previously imposed for such conduct.

The conduct for which defendant was convicted falls within the parameters of the offense presently defined as criminal confinement. That evidentiary fact, petitioner maintains, entitles him to a modification of his life imprisonment sentence to conform to the ameliorative terms of the present criminal confinement statute.

Defendant's contention has twice been rejected by this Court. *Watford v. State,* (1979) Ind., 384 N.E.2d 1030; *Holsclaw v.*

*State,* (1979) Ind., 384 N.E.2d 1026. In *Watford,* we held that a defendant whose judgment for kidnapping became final prior to October 1, 1977, the effective date of the criminal confinement statute, was not entitled to have his sentence modified. Similarly, in *Holsclaw,* we held that a defendant sentenced nearly one year prior to the effective date of an amendment reducing the penalty for his offense was not entitled to a reduction of his sentence.

Here, petitioner was sentenced on October 24, 1975, nearly two years prior to the effective date (October 1, 1977) of the criminal confinement statute. Accordingly, the trial court properly refused to modify his sentence. *Watford v. State, supra; Holsclaw v. State, supra.*

Petitioner has attempted to buttress his argument with the contention that the failure to modify his sentence results in "vindictive justice," contrary to Article 1, Section 18 of the Indiana Constitution. Inasmuch as that claim was not presented in his motion to correct errors, the argument has been waived. We note, however, that this Court has previously rejected the argument that sentencing under the law in effect at the time a crime was committed, rather than pursuant to ameliorative terms of a subsequently effective statute, constitutes "vindictive justice." *Lynk v. State,* (1979) Ind., 393 N.E.2d 751.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.