Robert L. DAVIS, Appellant (Petitioner below),

v.

STATE of Indiana, Appellee (Respondent below).

No. 581S145.

Supreme Court of Indiana.

April 13, 1983.

Harriette Bailey Conn, Susan K. Carpenter, Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Robert L. Davis, is before this Court appealing from the denial of his petition for Post-Conviction Relief, Rule 1. Therein, he sought relief from judgments entered on his plea of guilty to rape, Ind. Code § 35–13–4–3 (Burns 1975) and a jury's conviction of him for the crime of kidnapping, Ind.Code § 35–1–55–1 (Burns 1975). On his direct appeal, this Court affirmed the trial court's judgments. *Davis v. State,* (1976) 265 Ind. 476, 355 N.E.2d 836. We have previously remanded his appeal from the denial of his petition for post-conviction relief for the reason that the trial court had erroneously failed to grant a change of judge. *Davis v. State,* (1979) Ind., 396 N.E.2d 893. After a hearing before a new judge, the petition for post-conviction relief was again denied. Petitioner now presents the following issues for our review:

1. Whether the trial court erred in denying petitioner's motion that facts alleged in his petition for post-conviction relief be deemed admitted;

2. Whether petitioner's guilty plea to the offense of rape was voluntary and knowingly and intelligently made;

3. Whether the trial court erred in sentencing petitioner for both rape and kidnapping;

4. Whether petitioner received competent representation by counsel at his guilty plea hearing and at his trial on the kidnapping charges;

5. Whether evidence of the guilty plea was properly admitted at the trial on the kidnapping charge; and

6. Whether the court erred when it concluded that a sentence of life imprisonment for kidnapping did not constitute cruel and unusual punishment.

At the outset it is recognized that petitioner had the burden of proving his grounds for relief by a preponderance of the evidence at the post-conviction relief

proceeding. Ind.R.P.C. 1, § 5; *Turman v. State,* (1979) Ind., 392 N.E.2d 483. In our review of the denial of a petition for post-conviction relief, this Court does not weigh the evidence or judge the credibility of witnesses. Only when the evidence is without conflict and leads to but one reasonable conclusion contrary to that reached by the trier of fact will the decision be reversed as contrary to law. *Henson v. State,* (1979) Ind., 392 N.E.2d 478; *Hoskins v. State,* (1973) 261 Ind. 291, 302 N.E.2d 499.

## I.

Petitioner's post-conviction relief petition was filed on April 5, 1978. On April 10, 1978, petitioner filed a motion for change of venue from the judge, which was subsequently denied. On June 30, 1978, the state filed its response to the petition for post-conviction relief. At the outset of the hearing conducted on the petition on July 6, 1978, petitioner moved that the factual allegations contained in his petition be deemed admitted; in support thereof, he relied on the fact that the state had failed to file a response to his petition within thirty days, as required by Ind.R.P.C. 1, § 4.

The trial court denied the motion; the court thereafter also denied the petition for post-conviction relief. Petitioner then appealed the denial of his petition to this Court. Solely on the basis that the trial court had erred in failing to grant petitioner's motion for a change of venue from the judge, this Court reversed the judgment of the court and remanded the cause for a new hearing. *Davis v. State, supra* (1979 decision).

On remand before a new judge, petitioner did not assert that the allegations contained in his petition should be deemed admitted for the failure of the state to respond within thirty days. Instead, he proceeded to a hearing on the merits of those factual allegations, which culminated in the court's denial of his petition.

Petitioner here asserts, however, that the second court which considered his petition should have deemed the factual allegations admitted due to the state's tardy response.

In support thereof, he relies on Ind.R.P.C. 1, § 4, as implemented in *Purcell v. State,* (1975) 165 Ind.App. 47, 330 N.E.2d 779.

Petitioner misconstrues the effect of our 1979 decision and the responsibilities incumbent upon him in its wake. Our decision vacating the judgment of the first trial court to consider the petition restored the parties to the position they occupied when the error occurred. *Doughty v. State Dept. of Pub. Welf.,* (1954) 233 Ind. 475, 121 N.E.2d 645; *Moore v. Ransdel,* (1901) 156 Ind. 658, 60 N.E. 1068; *Hunter v. Hunter,* (1973) 156 Ind.App. 187, 295 N.E.2d 834. It was incumbent upon petitioner to renew his assertion on remand, for the record reveals his motion for a change of judge was erroneously denied *prior* to the denial of his motion to deem the allegations admitted. The question petitioner presents to us was not placed before the court from which this appeal is taken; the issue consequently has been waived.

## II.

Petitioner next alleges that his guilty plea to the charge of rape was not knowingly and intelligently made since he was not fully advised of his rights as enumerated by our statute, Ind.Code § 35–4.1–1–3 (Burns 1979). The record in this case shows that petitioner originally entered pleas of not guilty to both the charges of rape and kidnapping. Then, on the morning of the trial, petitioner appeared before the trial court with his counsel and stated that he wished to enter a plea of guilty to the charge of rape.

The court carefully questioned petitioner to establish the factual basis of the plea and determined that there had been no threats, force, or coercion used to obtain the plea. Petitioner acknowledged that he was aware that the state would continue with the prosecution of the kidnapping charge after the guilty plea for the rape was given. The court advised petitioner of the constitutional rights which he was waiving, but inadvertently failed to advise him of his right to have compulsory process for obtaining witnesses.

 This Court has repeatedly emphasized that the record must show that the trial court informed the accused person of all the constitutional rights he is waiving by direct statements at the time of the guilty plea. Strict compliance with our statute is demanded of our trial courts in order to determine that any waiver of fundamental constitutional rights is knowingly and intelligently given. *Early v. State,* (1982) Ind., 442 N.E.2d 1071; *Romine v. State,* (1982) Ind., 431 N.E.2d 780; *German v. State,* (1981) Ind., 428 N.E.2d 234.

 Although the record shows that petitioner was aware of the one right which the trial court omitted from his advisements, there is nothing in the record to show that he was actually advised of this right in any manner by the trial court. The conclusion of the post-conviction court that petitioner was adequately informed of his right to compulsory process for obtaining witnesses is not supported by the evidence. Therefore, the judgment denying relief to petitioner on this issue is contrary to law and must be reversed. Petitioner's plea of guilty to the charge of rape must be vacated.

### III.

 Petitioner argued in his petition for post-conviction relief that the trial court erred in sentencing him on both the rape and kidnapping offenses since both arose from the same transaction. While our decision that petitioner's plea of guilty to the charge of rape must be vacated makes this assignment of error moot, we note that our case law is clearly contrary to petitioner's argument of error on this issue. The crimes of rape and kidnapping are generally held to be separate and distinct offenses when each requires proof of an additional fact which the other does not and both are supported by the evidence beyond a reasonable doubt. *Daniels v. State,* (1980) Ind., 408 N.E.2d 1244; *Dragon v. State,* (1979) 270 Ind. 223, 383 N.E.2d 1046; *Tewell v. State,* (1976) 264 Ind. 88, 339 N.E.2d 792.

### IV.

Petitioner next alleges that he was denied his right to effective assistance of counsel at the plea bargain hearing and at the trial on the kidnapping charge. Due to our finding on Issue II above, we do not need to consider any allegations of error assigned to the guilty plea.

Petitioner alleges that his counsel was ineffective at the trial on the kidnapping charge because he failed to interview certain witnesses, he was ill during the trial, he failed to move for a competency hearing, he failed to object to a visibility problem involving certain charts, and he failed to keep petitioner informed as to the progress of the direct appeal. However, the only evidence on these issues is petitioner's own uncorroborated testimony.

 It is well settled in Indiana that there is a presumption that counsel is competent and that strong and convincing evidence is required to rebut the presumption. *Hollonquest v. State,* (1982) Ind., 432 N.E.2d 37; *Lindley v. State,* (1981) Ind., 426 N.E.2d 398; *Jones v. State,* (1978) 270 Ind. 141, 387 N.E.2d 440. Incompetency of counsel revolves around the particular facts of each case and the standard of review on this issue is the mockery of justice test as modified by the adequate legal representation standard. *Darnell v. State,* (1982) Ind., 435 N.E.2d 250; *Cottingham v. State,* (1978) 269 Ind. 261, 379 N.E.2d 984. Deliberate choices made by counsel for some contemplated tactical or strategic reason do not establish ineffective assistance of counsel. This Court will not speculate as to what may have been the most advantageous strategy in a particular case. *Morris v. State,* (1980) Ind., 409 N.E.2d 608; *Hollon v. State,* (1980) Ind., 398 N.E.2d 1273.

 In this case, petitioner presented no evidence to show who the witnesses were who allegedly were not interviewed or what the resulting missing testimony would have been. The record does not show that any alleged illness of counsel prevented him from doing a thorough job at defendant's trial. Counsel extensively cross-examined witnesses, was familiar with all exhibits

which were entered and with prior statements and depositions of witnesses. He called witnesses on behalf of petitioner and the record shows that they were well prepared to testify. There is no evidence that the visibility problem with certain charts was so great that it hindered the presentation of the case. There is nothing to show that the evidence would have supported a motion for a competency hearing. Petitioner does not show any prejudice which resulted from the alleged failure to keep him informed about the progress of the direct appeal.

 Furthermore, the attorney did not testify at the post-conviction hearing, so the trial court was justified in inferring that the attorney would not have corroborated the acts and omissions which led to the alleged inadequate representation. *Cobbs v. State,* (1982) Ind., 434 N.E.2d 883; *Lenoir v. State,* (1977) 267 Ind. 212, 368 N.E.2d 1356. The record shows that petitioner's trial attorney was well prepared for trial and that the trial as a whole was not a mockery of justice. The post-conviction court's decision that petitioner was not denied effective assistance of counsel is clearly supported by the record.

## V.

 Petitioner next contends that the trial court erroneously admitted testimony about his guilty plea into evidence. We find no merit to this contention since petitioner himself first introduced the reference to the guilty plea in his own testimony. He also testified directly about the whole transaction including the acts which constituted the rape. This was apparently part of his strategy in claiming that the victim had voluntarily accompanied him and was not forcibly kidnapped. Petitioner obviously did not object to the admission of this testimony so any alleged error in this regard is waived. *Harden v. State,* (1982) Ind., 441 N.E.2d 215; *Brown v. State,* (1981) Ind., 417 N.E.2d 333; *Strickland v. State,* (1977) 265 Ind. 664, 359 N.E.2d 244.

## VI.

Petitioner finally alleges that the life sentence which he received for the offense of kidnapping is cruel and unusual punishment under the circumstances of his case where no weapon was used and allegedly no injury occurred. This issue has clearly been settled contrary to petitioner's position. The statute under which petitioner was charged, convicted and sentenced made a life sentence mandatory for all convictions of kidnapping as then defined regardless of whether a weapon was used or an injury occurred. Ind.Code § 35–1–55–1 (Burns 1975). Subsequently, our Indiana General Assembly in its substantial revision of our Criminal Code, redefined the crime of kidnapping, added the crime of criminal confinement, and revised the range of sentences for these crimes with the result that the penalties now are substantially less severe than petitioner's life sentence. Ind. Code §§ 35–42–3–1 through 35–42–3–3 (Burns 1979 Repl.).

 We have clearly held that in those cases where a judgment for kidnapping became final prior to October 1, 1977, the effective date of the revised statutes, the ameliorative statutory change does not apply and the defendant is not entitled to have his sentence modified. *Owens v. State,* (1981) Ind., 419 N.E.2d 969; *Watford v. State,* (1979) 270 Ind. 262, 384 N.E.2d 1030. We have similarly held that sentencing under the law in effect at the time a crime was committed, rather than pursuant to ameliorative terms of a subsequently effective statute, does not constitute vindictive justice. *Owens v. State, supra; Lynk v. State,* (1979) Ind., 393 N.E.2d 751. In the instant case, petitioner was sentenced over a year prior to the effective date of the revised statute. Accordingly, there is no error in the sentence of life imprisonment for the offense of kidnapping.

For all of the foregoing reasons, the judgment of the trial court affirming the guilty plea must be reversed and the cause remanded with instructions to vacate petitioner's guilty plea. The judgment of the trial court in all other things is affirmed.

Judgment reversed in part and affirmed in part.

DeBRULER and PRENTICE, JJ., concur.

PIVARNIK, J., concurs in part, and dissents in part, with opinion in which GIVAN, C.J., concurs.

PIVARNIK, Justice, concurring in part and dissenting in part.

I dissent from the majority opinion only in Issue II, in which it finds that the petitioner's plea of guilty to the charge of rape must be vacated. I concur in the majority opinion in all other respects.

I cannot agree that the petitioner carried his burden of showing his guilty plea to the charge of rape was not knowingly and intelligently made since the record does not show that the trial judge expressly informed the petitioner of his right to compulsory process for obtaining witnesses. The majority agrees that the record shows that the petitioner was aware of this right and demonstrated it by his use of compulsory process to obtain witnesses in his defense of the confinement charge. The record further shows that he was advised in detail by the trial judge and made it very clear he was voluntarily and knowingly pleading guilty to the crime of rape, knowing his position full well and knowing what rights he was giving up. The petitioner was fully aware that he was guilty of the crime of rape and admitted on the stand that he was guilty but hoped to convince the trier of fact that he was not guilty of confinement as well as rape. In examining the total record of this cause, no reason whatsoever is shown for vacating the conviction for rape based on the guilty plea of this petitioner. The burden was with the petitioner to establish his grounds for relief by a preponderance of the evidence. *Turman v. State*, (1979) Ind., 392 N.E.2d 483; *Laird v. State*, (1979) Ind., 385 N.E.2d 452; Ind.R. P.C. 1 § 5. Furthermore, the judge hearing the petition for post-conviction relief is the sole judge of the weight of the evidence and credibility of the witnesses and his decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Turman, supra; Henson v. State,* (1979) Ind., 392 N.E.2d 478; *Laird, supra; Hoskins v. State,* (1973) 261 Ind. 291, 302 N.E.2d 499; Ind.R.P.C. 1.

The post-conviction hearing court made detailed findings regarding the entry of the guilty plea in question here and it is helpful to set them out:

(15) That immediately prior to the jury trial of January 29, 1976, under Cause Number S75–S75(2) Petitioner, by counsel, moved the Court to withdraw his plea of not guilty to rape in order to allow him to plead guilty to that count, which said motion was granted by the Court (Record of Proceedings—hereinafter "Record"— page 136).

(16) That thereafter the Court inquired of Petitioner whether he understood the nature of the charge of rape and Petitioner responded that he did (Record, page 137), confirming his prior statement at arraignment that he understood the charge (Record, page 27), and Petitioner thereafter again stated that he understood the charge after hearing the victim's testimony establishing a factual basis for the plea (Record, page 142).

(17) That the Court also inquired of the Petitioner whether he understood that by pleading guilty to the charge he was required to be a witness against himself (Record, page 138), whether he understood that by pleading guilty he was subjecting himself to a sentence of not less than two (2) years and not more than twenty-one (21) years which said sentence was not suspendable. (Record, page 138), whether he understood that by pleading guilty he was waiving his right to require the State to prove to a jury beyond a reasonable doubt that on September 17, 1975, in Monroe County, Indiana, he unlawfully and forcibly made an assault on the victim and did forcibly and against her will unlawfully ravish and carnally know her (Record, page 143), and, after the testimony of the victim in open Court as to the commission of the offense by

Petitioner, whether Petitioner was, "in fact", guilty of rape as alleged (Record, page 143), and Petitioner responded affirmatively to each of said inquiries.

(18) That, in addition to the inquiry as to whether the Petitioner understood that by pleading guilty he was subjecting himself to a sentence of two (2) to twenty-one (21) years, the Court further inquired whether Petitioner understood that the Court would determine the penalty which would be imposed (Record, page 139), and whether Petitioner understood that a presentence investigation would have to be accomplished and a report thereof made to the Court (Record, page 143), and Petitioner responded that he did.

(19) That the Court inquired of the Petitioner on two separate occasions whether he understood that by pleading guilty he was waiving his right to a trial by jury on that charge and each time Petitioner answered that he did (Record, page 137 and page 143).

(20) That immediately after the Petitioner pleaded guilty to rape the parties proceeded into a public and speedy trial on the kidnap charge, which occurrence was known to, and anticipated by, all parties when Petitioner pleaded guilty to rape (Record, pages 136, 139 and 143).

(21) That the Court inquired of the Petitioner whether he understood that by pleading guilty he was waiving the right to confront the witnesses against him on that charge and Petitioner answered that he did (Record, page 138).

(22) That the Court did not advise the Petitioner of his right to compulsory process or that by pleading guilty he waived such right, but that Petitioner did, in the jury trial on kidnap immediately thereafter, exercise such right and call witnesses in his own behalf during such trial (Record, pages 457–482).

(23) That the Court inquired of the Petitioner whether he understood that he had the right to remain silent and not be a witness against himself and that by pleading guilty he was waiving the right to remain silent and would be required to be a witness against himself and Petitioner answered that he did (Record, page 138).

(24) That the Court had theretofore, on January 14, 1976, denied a motion to suppress Petitioner's confession, necessarily finding that he had previously been informed of his right to remain silent and that Petitioner understood that right (Record, page 126).

(25) That the Court, on two separate occasions, asked Petitioner if he understood that he had the right to require the State to prove his guilt beyond a reasonable doubt and that by pleading guilty he was waiving that right, and Petitioner responded on each occasion that he did (Record, pages 137–138 and 142–143).

(26) That the Court informed the Petitioner of the minimum and maximum sentences to which his guilty plea subjected him (Record, page 138).

(27) That the Court informed the Petitioner that the sentence was not suspendable and that the plea of guilty could result in revocation of any parole order to which Petitioner might be subject (Record, pages 138–139).

(28) That the Court did not inform the Petitioner of the possibility of consecutive sentencing if Petitioner pleaded guilty to rape and was thereafter found guilty of kidnap, but the circumstances of the mandatory life sentence in the event of conviction of kidnap rendered that advice immaterial.

(29) That the Court inquired of Petitioner whether his plea of guilty to rape was the result of any agreement between the State and Petitioner concerning any recommendation by the State as to penalty and Petitioner responded that it was not (Record, page 139).

(30) That the Court inquired whether the Petitioner understood that the Court was under no obligation to follow any recommendation which Petitioner's attorney or the State might make as to the penalty and Petitioner responded that he did (Record, page 139).

(31) That the Court asked Petitioner whether he had been threatened, coerced or induced by anyone to cause him to plead guilty and Petitioner responded in the negative (Record, page 139).

(32) That the Court asked the Petitioner if he understood that the State intended to prosecute the kidnapping charge regardless of Petitioner's guilty plea and Petitioner responded that he did (Record, page 139).

(33) That thereafter the Court did not expressly accept Petitioner's plea of guilty nor make any finding thereon, but convened the jury trial on the kidnapping charge (Record, pages 143–144).

(34) That the Petitioner thereafter testified under oath in his own defense as to the kidnap charge and volunteered that he had already pleaded guilty to rape and stated that he had "no doubt in (his) mind" that he was going to jail as a result (Record, pages 499–500), and then described the events of the evening in question in detail (Record, pages 496–527).

(35) That Petitioner testified that he pleaded guilty with the knowledge that he would have to be sentenced to two (2) to twenty-one (21) years in jail (Record, page 509).

(36) That thereafter the jury returned a verdict of guilty as to kidnapping (Record, page 205), though no findings were entered by the Court on either charge until sentencing on February 19, 1976, at which time the Court found Petitioner guilty of rape pursuant to his plea and guilty of kidnapping pursuant to the jury verdict (Record, page 222).

(37) That Petitioner's allegations in his Petition For Post-Conviction Relief and his testimony at the hearing thereon are at odds with the Record concerning his plea of guilty and Petitioner testified at the hearing on July 18, 1980, that it was "true enough" that his recollection of those events was not possible without reference to the Record and that he could not recall specific advice from the Court.

The State points out that the only evidence presented by the petitioner at the post-conviction hearing about the guilty plea was his own account of the guilty plea hearing and what his counsel privately advised him. There was no corroborating evidence from that counsel. He makes many claims about the circumstances of the guilty plea that are not borne out by the record. At one point he stated to the court that he did not recall the questions and answers that were given to him at the guilty plea hearing and he had to rely on the transcript to establish what transpired. The trial court specifically found that it could infer from the record that the petitioner was not only informed of the right of compulsory process to obtain witnesses but he actively exercised it in the kidnapping case.

This Court has held that the personal advisement of rights prior to a guilty plea, as mandated by *Boykin v. Alabama,* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and further implemented by our Legislature pursuant to Ind.Code § 35–4.1–1–3, did not depend on a didactic ritual recitation of words. In *Neeley v. State,* (1978) 269 Ind. 588, 595–96, 382 N.E.2d 714, 718, we held that although we prefer the trial court to follow Ind.Code § 35–4.1–1–3 to the letter, where the petitioner was not specifically advised of the right to confront the witnesses against him pursuant to Ind. Code § 35–4.1–1–3(c), the court could find from the entire record that the petitioner was advised of and understood the substance of that right. The same was said in *Mathis v. State,* (1980) Ind., 406 N.E.2d 1182, concerning the failure of the trial court to specifically advise of the right to a speedy trial and the right to confrontation. In *Mathis,* we found that the requirements of *Boykin* and Ind.Code § 35–4.1–1–3 are satisfied when the record provides a sufficient basis for the conclusion that the petitioner was meaningfully informed of the specific rights enumerated in *Boykin* and in the above code section. *Id.* at 1183–84; *see also Williams v. State,* (1975) 263 Ind. 165, 325 N.E.2d 827; *White v. State,* (1980) Ind. App., 412 N.E.2d 1269.

The post-conviction hearing court found specifically "[t]hat the Petitioner failed to prove by a preponderance of competent evidence that he was denied due process and fundamental fairness in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of Indiana in that his plea of guilty to rape was not voluntary, knowing, or intelligent."

The record substantially bears out the findings of the trial judge. Petitioner failed to maintain his burden and there is no showing whatever in the evidence that it is without conflict and leads unerringly to a result opposite that reached by the trial court. The trial court should be affirmed on this issue as well as all of the others enumerated in the majority opinion.

I dissent.

GIVAN, C.J., concurs in dissent.