914 F.2d 260
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert L. DAVIS, Petitioner/Appellant,
v.
Jack R. DUCKWORTH and Indiana Attorney General, Respondents/Appellees.
 No. 89-3002.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 29, 1990.*
Decided Sept. 13, 1990.
 
 Before FLAUM, MANION, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Robert Davis appeals the dismissal of his habeas corpus petition filed pursuant to 28 U.S.C. Sec. 2254. Davis was convicted in state court after pleading guilty to rape and being found guilty of kidnapping. He received seventeen years on the rape conviction and a life sentence on the kidnapping conviction. His convictions were affirmed on appeal.
 
 
 2
 Davis subsequently filed a post-conviction petition in state court. Before the state court judge ruled on his petition, he filed a motion requesting a change of judge. This motion was based on allegations that the judge, who was also Davis' sentencing judge, was biased.[1] After holding a hearing on the change of judge motion, the judge denied the motion; the judge later denied Davis' post-conviction petition on the merits and Davis appealed.
 
 
 3
 On appeal, the Indiana Supreme Court held that Davis had adequately supported his allegations of bias sufficient to prevail on a change of judge motion. Davis v. State of Indiana, 396 N.E.2d 893 (Ind.1979) (Davis I ). Holding that it was error for the judge to have denied the motion, the court reversed, specifically holding that it did not reach the numerous allegations of error Davis claimed in his appeal. In the concluding paragraph of the opinion, however, the court wrote:
 
 
 4
 For the court's error in denying the petitioner's motion for a change of judge, the judgment is reversed, and the cause is remanded for a new trial.
 
 
 5
 Id. at 895 (emphasis added). Of course, the court could not have meant that the court on remand hold a new "trial" on Davis' underlying kidnapping conviction; the court specifically avoided discussing the merits of Davis' petition. The court must have intended to say that it was remanding for a new hearing on the underlying petition--this time before a different judge. And this is exactly the relief Davis received.
 
 
 6
 Davis does not see it that way. If the state supreme court orders a "new trial," he insists that he is entitled to a new trial on the kidnapping charge. Davis was instead given a new hearing on his post-conviction petition. Relief was denied and he appealed this decision of the Indiana Supreme Court. The court denied relief on all of Davis' claims, except one: the court, in a three-to-two decision, vacated Davis' rape plea on the grounds that he was not fully advised of his constitutional rights at his plea hearing. Davis v. State of Indiana, 446 N.E.2d 1317 (Ind.1983) (Davis II ). It is instructive to note that in describing Davis I, the court wrote:
 
 
 7
 Solely on the basis that the trial court had erred in failing to grant petitioner's motion for a change of venue from the judge, this Court reversed the judgment of the court and remanded the cause for a new hearing.
 
 
 8
 Id. at 1320. Nonetheless, Davis continues to press his claim that he was entitled to a new trial on the merits instead of a new hearing on his post-conviction petition.
 
 
 9
 The district court dismissed Davis' habeas petition. The court first noted that there was a question whether Davis' petition claimed an error of state law or of the federal Constitution. The court held, however, that the record failed to disclose whether Davis had exhausted this claim by presenting it first to the state court. Holding that an adequate and available remedy existed in state court, the district court dismissed Davis' petition.
 
 II.
 
 10
 Davis' habeas petition fails to state a violation of the federal Constitution or of federal law. As we noted recently in Williams v. Chrans, 894 F.2d 928, 937 (7th Cir.1990),
 
 
 11
 we have jurisdiction to issue writs of habeas corpus only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. section 2241(c), 2254(a).
 
 
 12
 Davis does not allege any such violation--he claims that he is being held illegally because the Indiana Supreme Court ordered a "new trial," and he did not receive a new trial within seventy days as required by Rule 4(a) of Indiana's criminal procedure code. Such a violation does not state a basis for relief under 28 U.S.C. Sec. 2254. Davis does not invoke any sixth amendment speedy trial rights; even if he did, the claim would be frivolous on these facts.
 
 
 13
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 After Davis was found guilty, he was allowed to remain at liberty on a relatively low bond until his sentencing hearing. During this time, he was arrested on a second rape charge. Much negative publicity was visited upon the trial judge for allowing Davis to remain free on bond. Davis claimed that this publicity caused the judge to mete out a higher sentence to him. See Davis v. State of Indiana, 396 N.E.2d 893, 894 (Ind.1979)