Raymond JOHNSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 82A04–9410–PC–427.

Court of Appeals of Indiana.

Aug. 9, 1995.

Transfer Denied Oct. 11, 1995.

Susan K. Carpenter, Public Defender, Patrick R. Ragains, Sp. Deputy Public Defender, Anderson, for appellant.

Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Raymond Johnson appeals the denial of his petition for post-conviction relief seeking modification of his sentence. We affirm.

### ISSUE

Whether Johnson is entitled to a modification of his sentence whereby one of his life sentences is ordered to be vacated.

### FACTS

In June of 1975, 10 year-old Diana went to the Garvin Park public swimming pool in Evansville with her younger brother and two friends.

A man approached them and requested their help in finding his little boy. When the boy was not found in the pool enclosure, the three children accompanied the man in a search of the rest of the park. Garvin Park contains a small lake; Pigeon Creek flows near this lake at one point. The man asked the victim [Diana] to accompany him around one side of the lake while the others searched the other side. The man took the victim down the banks of the creek and assaulted and raped her. . . .

*Johnson v. State* (1977), 265 Ind. 689, 359 N.E.2d 525, 530. The man was Johnson.

Johnson was charged with kidnapping, Ind.Code 35–1–55–1 (Burns 1975), and with rape, Ind.Code 35–13–4–3 (Burns 1975). Diana testified that Johnson held her against a tree, pulled her pants down, and then licked her between her legs and raped her, while covering her mouth with his hand. A jury convicted Johnson of both counts, and he was sentenced to a life imprisonment for each. Johnson's conviction was affirmed on direct appeal. *Johnson, supra.*

■ Johnson filed for post-conviction relief on April 2, 1990. His amended petition, filed in 1993, claimed the imposition upon Johnson of two life sentences, with no possibility of parole,[1] was disproportionate and unreasonable when compared to sentencing for comparable crimes under the revised criminal statutes. The State's answer to the amended petition raised waiver as one of its defenses. The trial court held an evidentiary hearing on August 23, 1993. On June 27, 1994, the trial court denied the petition.

### DISCUSSION AND DECISION

[2–4] In a post-conviction relief proceeding, the petitioner bears the burden of establishing the grounds for his relief by a preponderance of the evidence. Ind.Post–Conviction Rule 1(5); *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, *cert. denied* 493 U.S. 910, 110 S.Ct. 268, 107 L.Ed.2d 218 (1989). On appeal from a denial of post-conviction relief, the appellant petitioner again bears the burden—to show that "the evidence is without conflict and leads to a conclusion opposite the judgment reached by the post-conviction trial court." *Wickliffe v. State* (1988), Ind., 523 N.E.2d 1385, 1386. In our appellate review, we consider "only the probative evidence and reasonable inferences supporting the judgment." *Id.*

■ When Johnson was charged with rape, the criminal statute provided that:

Whoever has carnal knowledge of a woman against her will . . . is guilty of

---

1. Under Ind.Code 11–13–3–2(b)(3), "an individual serving two sentences of life imprisonment upon conviction of more than one felony is not eligible for parole consideration." *Bean v. Bayh* (1990), Ind.App., 562 N.E.2d 1328, 1329.

rape, and on conviction shall be imprisoned for a determinate period of not less than two years nor more than twenty-one years: Provided, That in cases where the female upon whom the crime is committed is a *child under the age of twelve years,* the punishment *shall* be *imprisonment for life . . . .*

I.C. 35–13–4–3 (Burns 1975) (emphasis added). Similarly, the kidnapping provision read as follows:

Whoever kidnaps, or forcibly or fraudulently carries off or decoys from any place within this state, or arrests or imprisons any person, with the intention of having such person carried away from any place within this state, unless it be in pursuance of the laws of this state or the United States, is guilty of kidnapping, and, on conviction *shall* be *imprisoned* in the state prison during *life.*

I.C. 35–1–55–1 (Burns 1975) (emphasis added).

The post-conviction court's Conclusions of Law describe the current rape statute, with the crime being a B felony unless committed with the use or threat of deadly force or while armed with a deadly weapon, or when serious bodily injury results. The court noted that the sentence for such a B felony would be from six to twenty years. The court then noted the "similar lines" of child molesting crimes under current law. (R. 71). The court quoted the current definition of the crime of kidnapping and then concluded that "[c]riminal confinement, rather than kidnapping, is the crime which would presently fit the Petitioner's conduct" for the count charged as kidnapping. (R. 72). Confinement is a C felony, unless committed while armed with a deadly weapon or resulting in serious bodily injury.

█ The State's first response to Johnson's claim that his sentence should be reduced is that Johnson has waived review of this issue. Our supreme court has repeatedly stated that post-conviction remedies are not a substitute for a direct appeal. *See, e.g., Layton v. State* (1974), 261 Ind. 567, 307 N.E.2d 477. For this reason, unless a petitioner shows the issue raised was unascertainable or unavailable at the time of trial

and direct appeal, such an issue may not be raised in the post-conviction proceeding. *Crisp v. State* (1987), Ind., 511 N.E.2d 306, *reh'g denied.* An issue not raised on direct appeal is waived for post-conviction review. *Schiro, supra.* However, Johnson's contention that his two life sentences are disproportionate under the Indiana and United States Constitution when compared to "sentences which other defendants may now receive for the same conduct" (Appellant's Brief at 1) could not have been raised at the time of his trial or direct appeal because the laws providing for the comparison he now makes had not yet been enacted. Hence, we do not find Johnson to have waived this issue for the purpose of seeking post-conviction relief.

█ The post-conviction court's Conclusions of Law refer to *Young v. Duckworth* (1979), 271 Ind. 554, 394 N.E.2d 123, *cert. denied* 445 U.S. 906, 100 S.Ct. 1084, 63 L.Ed.2d 323 (1980), *reh'g denied* 445 U.S. 973, 100 S.Ct. 1671, 64 L.Ed.2d 252 (1980), for the proposition that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." A sentence is the penalty for wrongdoing, and the legislature has exclusive power to pass statutes defining and punishing crimes, *Durrett v. State* (1966), 247 Ind. 692, 219 N.E.2d 814, *cert. denied* 386 U.S. 1024, 87 S.Ct. 1383, 18 L.Ed.2d 465 (1967). The power of the legislature to prescribe penalties is limited by the constitutional prohibition of cruel and unusual punishment, a prohibition "of atrocious or obsolete punishments" and "aimed at the kind and form of the punishment, rather than the duration and amount." *Hollars v. State* (1972), 259 Ind. 229, 286 N.E.2d 166, 170.

█ Johnson argues that proportionality in sentencing requires the sentence he received under the statutes in effect at the time he committed the crimes be compared with the sentence he would receive had the crimes been committed after the statutes were changed. As the State notes, our supreme court has repeatedly rejected this argument. *See, e.g., Davis v. State* (1983), Ind., 446 N.E.2d 1317 (sentence to life imprisonment for kidnapping not affected by

subsequent enactment of lesser statutory penalty); *Owens v. State* (1981), 275 Ind. 677, 419 N.E.2d 969 (petitioner sentenced for kidnapping prior to enactment of statute providing lesser sentence not entitled to modification of sentence). Further, a "disproportionate" prison sentence, violating the Eighth Amendment or Article 1, Section 16 of our state constitution, is a sentence that is " 'manifestly unreasonable in light of the nature of the offense and the character of the offender.' " *Cunningham v. State* (1984), Ind.App., 469 N.E.2d 1, 8, *reh'g denied, trans. denied.* "A sentence is not manifestly unreasonable unless no reasonable person could find the sentence appropriate to the particular offense and offender for which the sentence was imposed." *Whitehead v. State* (1987), Ind., 511 N.E.2d 284, 296, *cert. denied* 484 U.S. 1031, 108 S.Ct. 761, 98 L.Ed.2d 773 (1988). We cannot say the post-conviction court's failure to modify Johnson's sentence of life imprisonment for the rape and kidnapping of a 10 year-old girl leads to the conclusion opposite its implicit judgment that a reasonable person could find the sentence appropriate.

The post-conviction court's Conclusions of Law further reflect reliance on our supreme court's consideration of *Beard v. State* (1975), 262 Ind. 643, 323 N.E.2d 216, and its subsequent post-conviction relief decision *Beard v. State* (1981), 428 N.E.2d 772, 776. In the first *Beard* decision, the court held that a sentence of life imprisonment for the offense of kidnapping did not constitute cruel and unusual punishment in contravention of the constitutional prohibition. The second *Beard* decision addressed a post-conviction relief claim lodged after the legislature had recodified our criminal statutes with the effect being that "the acts of petitioner for which he was sentenced to life imprisonment would be punishable by a maximum of but four years imprisonment" under the recodification. *Beard,* 428 N.E.2d at 776. Accordingly, Beard sought to have his sentence reduced. Relying on its decisions in *Watford v. State* (1979), 270 Ind. 262, 384 N.E.2d 1030 (ameliorative sentencing provisions of revised statute not applicable when judgment of conviction final before effective date of revised statute), and *Owens v. State, supra,* as dis-

positive, our supreme court declined Beard's argument of "the inequity and unconstitutionality of his continued confinement in the light of today's statute." *Id.* We cannot say the post-conviction court's action in denying Johnson a sentence modification as post-conviction relief, a decision in accordance with supreme court precedent, leads to a conclusion opposite the judgment reached. *Wickliffe, supra.*

We affirm.

CHEZEM, J., and SHARPNACK, C.J., concur.