CHARLES WAYNE ADAMS *v.* STATE OF INDIANA.

[No. 377S195. Filed May 30, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, *John W. Bean,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *David Michael Wallman,* Deputy Attorney General, for appellee.

PRENTICE, J. — Petitioner (Appellant) was convicted of First Degree Murder after a trial by jury in the Grant County Circuit Court, and was sentenced to death. Upon direct appeal from that judgment, his conviction was affirmed, 259 Ind. 64, 271 N.E.2d 425, and upon rehearing Defendant's death sentence was reduced to life imprisonment, 259 Ind. 164, 284 N.E.2d 757.

On August 7, 1974, Defendant filed a *pro se* "Verified Petition for Writ of Habeas Corpus" in the LaPorte County Circuit Court. On August 19, 1974, the defendant's petition was declared to be a Petition for Post-Conviction Relief, and was ordered transferred to the Grant Circuit Court.

This appeal is from the denial of that petition for post-conviction relief, and the dispositive issue involves the trial court's overruling of Defendant's motion for change of venue from the judge. The trial court committed error by denying the defendant's motion for change of judge, and the judgment below must be reversed.

After receiving notice of the impending transfer of the cause to the Grant Circuit Court, Defendant moved for a change of venue from the judge pursuant to Ind. R. P. C. 1

§ 4(b). The motion was filed marked August 30, 1974, and the undisputed evidence shows that it was posted on August 26, 1974, by certified mail. By authority of Ind. R. Tr. P. 6(E), Defendant's motion is deemed to have been filed on August 26, 1974.

By an order book entry dated August 30, 1974, the Grant Circuit Court ordered the motion to be held in abeyance pending the receipt of Defendant's petition in that court, which occurred October 17, 1974. Defendant's motion was denied on September 21, 1976, for the following reasons:

> "The Court now finds that the motion for change of venue from the Judge filed by petitioner pro se was not filed within the 10 day period as required by Section 4, of post conviction remedy no. 1, said motion being filed August 30, 1974, and the petition for post conviction remedy being filed with the Clerk of Grant Circuit Court Indiana on August 9, 1974; the Court further finds that the motion for change of venue was not accomplished by certificate of good faith of petitioner's counsel and if the petitioner were acting pro-se he failed to attach said certificate. Motion for change of venue from the Judge denied."

Ind. R. P. C. 1 § 4(b) reads as follows:

> "Change of venue from the judge shall be granted when the petitioner files, within ten [10] days of the filing of his petition, an affidavit that the judge has a personal bias or prejudice against petitioner. The affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be accompanied by a certificate of good faith of petitioner's counsel. For good cause shown, the petitioner may be permitted to file the affidavit after the ten [10] day period. No change of venue from the county shall be granted."

In applying our rules of procedure, we look to the purpose of the rule in question. Provisions for change of judge are to assure not only that a litigant has an unbiased judge but also to assure that he believes that he has an unbiased judge, i.e. that he is being fairly treated. The literal application of § 4(b) of the rule would, in this case, have required that the petitioner file his motion for a change of judge before he knew who the judge was to be.

This was apparent upon the face of the record. The motion for the change stated valid grounds and facts from which it clearly appears that the petitioner genuinely believed that he could not have a fair trial before the regular judge. That he had discovered the identity of the judge subsequent to the time ordinarily allowed for filing is analogous to a late discovery of the bias or prejudice. Accordingly, that provision of the rule allowing later filing for good cause should have been applied.

The trial court's second reason for denying Defendant's motion is also an erroneous application of Ind. R. P. C. 1, § 4(b):

"The affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be accompanied by a certificate of good faith of petitioner's counsel."

The provision for "good faith" refers to the good faith of counsel, not of the petitioner, whose good faith must be presumed from the oath subscribed to the petition. Obviously, there can be no certificate from counsel when there is no counsel.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded with instructions to grant the motion for a new trial and the motion for a change of judge.

Givan, C.J., and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 376 N.E.2d 482.