**Robert L. DAVIS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 279S44.

Supreme Court of Indiana.

Nov. 27, 1979.

Harriette Bailey Conn, Public Defender, Paul Jeffery Ffoulkes Roberts, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Cindy A. Ellis, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

This is an appeal from the denial of post conviction relief, Post Conviction Remedy Rule 1. Petitioner, (Appellant) was charged with rape, Ind. Code § 35–13–4–3 (Burns 1975), and kidnapping, Ind. Code § 35–1–55–1 (Burns 1975). He entered a plea of guilty to the rape charge and was convicted of kidnapping in a trial by jury. He was sentenced to seventeen (17) years upon the rape charge and life imprisonment upon the kidnapping conviction. Upon direct appeal, his conviction was affirmed by this Court. *Davis v. State*, (1976) 265 Ind. 476, 355 N.E.2d 836.

The petitioner's appeal from the denial of the post conviction relief presents several assignments of error. The dispositive issue, however, is the trial court's denial of a

timely motion for change of judge. Upon the precedent of *Adams v. State,* (1978) Ind., 376 N.E.2d 482, which had not yet been published at the time the judge made his ruling, we resolve that issue in the petitioner's favor; and in view of that resolution, the other issues need not be addressed.

The petitioner filed a *pro se* petition for post conviction relief and a timely *pro se* motion for a change of judge, pursuant to Post Conviction Rule 1 § 4(b). By said motion, he alleged "that the sentencing judge has a personal bias or prejudice against the petitioner." To the motion he attached his affidavit which repeated the allegation of bias and prejudice and attempted to set forth his reasons for believing that such bias and prejudice existed. The motion and affidavit were deficient, however, because they were not allegations of fact but, rather, were statements of his conclusions that the judge had erred at petitioner's prior guilty plea hearing. Specifically, he alleged that the judge had not advised him of his constitutional rights to remain silent and to require the State to prove the charges. The trial court properly appointed the Public Defender to represent the petitioner, continued the cause for appearance of the Public Defender and took the motion for change of judge under advisement pending such appearance and opportunity for the appointed counsel to confer with the petitioner.

Thereafter, the Public Defender appeared and filed an amended motion for change of judge, supported by the affidavit of the petitioner, which motion and affidavit were also deficient, in that they failed to set forth a factual basis for a bona fide belief, by the petitioner, that the judge was biased or prejudiced. Rather, it was only alleged that the petitioner desired "the change of judge because I believe the present judge has a personal bias against me and I believe that the nature of the legal arguments made in my petition for post conviction relief require the judicial scrutiny of a magistrate not previously involved in my case."

Under Post Conviction Rule 1 § 4(b) and *Adams v. State, supra,* the trial judge would have been warranted in denying both of the aforementioned motions, because they did not contain a factual basis for a bona fide belief of the judge's bias or prejudice. Indicative of a lack of such bias or prejudice, however, the judge did not so rule but rather held a hearing for the purpose of determining the merits of the motion. The evidence at that hearing consisted of the petitioner's testimony, following which the judge denied the motion, apparently in the mistaken belief that it was incumbent upon the petitioner to show his bias and prejudice by a preponderance of the evidence.

The defendant had been charged with rape and kidnap arising out of one criminal incident. On the morning of trial, he withdrew his not guilty plea as to the rape charge and entered a plea of guilty. He stood trial on the kidnapping charge and was convicted. Prior to trial, the defendant had been at liberty on bail, and the judge permitted him to remain at liberty on the same bond, pending sentencing.

At the hearing upon the motion for a change of the judge, the defendant testified, and such testimony was not refuted, that while he was at liberty on bond pending sentencing, another rape occurred in the community, and he was charged with it. The incident resulted in newspaper publicity that was critical of the judge for having permitted the defendant to remain at liberty, following his conviction, upon his pretrial recognizance bond which had earlier been reduced to $5,000.00. When the defendant appeared for sentencing, the judge fixed the mandatory life sentence upon the kidnapping conviction and a determinate sentence of seventeen (17) years imprisonment upon the rape conviction. The defendant was aware of the judge's prerogative to fix his sentence at a determinate period of not less than two (2) nor more than twenty-one (21) years and expressed the opinion that he believed the seventeen year sentence was excessive, in view of the life sentence upon the kidnapping charge, and that it was the result of the adverse publicity.

■ The rule under consideration does not anticipate a hearing and such is inappropriate, unless the court or the state disputes the existence of the petitioner's belief of bias and prejudice or the factual basis for it. However, a hearing having been held, we cannot ignore the facts there adduced; and they clearly established the factual basis omitted from the motion and supporting affidavit.

In *Adams v. State, supra,* we stated:

"[1] In applying our rules of procedure, we look to the purpose of the rule in question. Provisions for change of judge are to assure not only that a litigant has an unbiased judge but also to assure that *he believes* that he has an unbiased judge, i. e. that he is being fairly treated." (Emphasis added.)

■ The rule is mandatory. A change shall be granted when the motion is timely filed, states a factual basis for a genuine belief of bias or prejudice and is accompanied by the certificate of good faith.

For the court's error in denying the petitioner's motion for a change of judge, the judgment is reversed, and the cause is remanded for a new trial.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.