Stephen Lewis LOMBARDO, Appellant (Petitioner Below),

v.

STATE of Indiana, Appellee (Respondent Below).

No. 385S80.

Supreme Court of Indiana.

Nov. 12, 1986.

John B. Wilson, Jr., Nashville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

This is a consolidated appeal from the denial of Stephen Lewis Lombardo's second and third petitions for post-conviction relief.

In 1979, Lombardo pled guilty to murder when the State offered to dismiss its request for the death penalty. He was sentenced to forty years in prison. His first petition for post-conviction relief was an attack upon the plea. It alleged that his plea had been accepted without an adequate factual basis and that his decision to plead guilty had been involuntary and unintelligent. This Court affirmed the trial court's denial of that petition. *Lombardo v. State* (1981), Ind., 429 N.E.2d 243.

On February 2, 1984, Lombardo filed a second petition, alleging that he had received ineffective assistance during his first PCR. The claim was that counsel in the first PCR should have pled: (1) trial counsel's failure to procure a written plea agreement, and (2) trial counsel's advice that the sentence would be thirty years. The State's answer claimed that both issues had been available to Lombardo when he filed his first petition and were thus barred. Rule PC 1, Section 8, Ind. Rules of Procedure for Post-Conviction Remedies.

The trial court denied this second petition without hearing, on the basis that the pleadings conclusively showed that Lombardo was not entitled to relief. Rule PC 1, Section 4(e), Ind. Rules of Procedure for Post-Conviction Remedies. Clearly, the substance of any communication between Lombardo and his trial counsel was a matter available to Lombardo at the time of his first petition. The same attorney represented him on both occasions. It is plain enough that Lombardo's second petition alleged ineffective assistance as a way to avoid Rule PC 1, Section 8, and gain yet another appeal.[1] Such is not the purpose of post-conviction relief. *Langley v. State* (1971), 256 Ind., 199, 267 N.E.2d 538. The trial court properly dismissed the second post-conviction petition.

On October 18, 1984, Lombardo filed his third petition, claiming that counsel in his first PCR was ineffective for failing to assert that the plea was involuntary and unintelligent because the trial court did not advise the defendant in accordance with Ind. Code § 35–4.1–1–3(d). He also filed a motion for a change of judge, an accompanying affidavit, and counsel's certificate of good faith. Rule PC 1, Section 4(b), Ind. Rules of Procedure for Post-Conviction Remedies.

The trial court subsequently denied Lombardo's third petition without hearing. Lombardo now asserts that doing so violated his right to a change of judge under Rule PC 1, Section 4(b). He is correct. The motion for change of judge was timely filed and complied fully with the form required by the rule. The trial court was obligated to grant the motion and did not have jurisdiction to act further on the petition itself.

Accordingly, the judgment of the trial court denying Lombardo's third petition is reversed. The matter is remanded with instructions to grant the motion for a

---

**1.** Testifying at the hearing on his first petition, Lombardo said of the attorney who represented him: "The services of my attorney, Mr. Wood- row Nasser, are completely and always have been completely satisfactory to me."

change of judge. The trial court's denial of Lombardo's second petition is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.