Burl **SPANGLER** and Bonnie Spangler, Plaintiffs,

v.

**SEARS, ROEBUCK AND CO.** and **Roper Corporation, Defendants.**

No. IP 87–1013–C.

United States District Court, S.D. Indiana, Indianapolis Division.

March 6, 1991.

Morris L. Klapper, Klapper & Isaac, Indianapolis, Ind., for plaintiffs.

William M. Osborn, Osborn, Hiner & Lisher, Indianapolis, Ind., for defendants.

## ENTRY DENYING DEFENDANTS' MOTION FOR RECUSAL

TINDER, District Judge.

### I. *General Background*

■ In the federal courts, a party with a reasonable suspicion that the judge is biased may seek to have the judge removed from the case. In such a situation, the judge is required to retire from the case if "an objective, disinterested observer fully informed of the facts underlying the grounds on which recusal [is] sought would entertain a significant doubt that justice would be done in the case" were the judge to continue. *Pepsico, Inc. v. McMillen,* 764 F.2d 458, 460 (7th Cir.1985). Indeed, a judge is required to remove himself from a case on his own motion if the above test is met. *See United States v. Story,* 716 F.2d 1088, 1091 (6th Cir.1983) ("section 455 is self-executing, requiring the judge to disqualify himself for personal bias even in the absence of a party complaint"); *Johnson v. Trueblood,* 629 F.2d 287, 290 (3rd Cir.1980) ("district judge ... raised, sua sponte, whether he should recuse himself pursuant to 28 U.S.C. § 455(a)"), *cert. denied,* 450 U.S. 999, 101 S.Ct. 1704, 68 L.Ed.2d 200 (1981).

Defendants' argument for this judge's recusal is based largely upon this court's "language" [1] contained in an entry in which this court denied several of defendants' motions to dismiss and criticized defendants' counsel's misrepresentation of existing law, failure to disclose controlling authority, imprecise briefing and failure to withdraw motions to dismiss that had been

---

1. *See* defendants' "Brief in Support of Motion to Recuse," (filed January 24, 1991), (hereinafter, "Recusal Brief") (stating that the "[l]anguage in [the court's December 11, 1990] entry is the basis of this motion for recusal").

rendered non-meritorious by recent Indiana Supreme Court precedents.[2] *See Spangler v. Sears, Roebuck & Co.*, 752 F.Supp. 1437 (S.D.Ind.1990). As grounds for this motion for recusal defendants' counsel has asserted that this court's entry evidenced the following: the appearance of partiality, hostility, lack of self-restraint, lack of judicial calmness, lack of dispassion, lack of impartiality in demeanor, bias and prejudice.[3] Interestingly however, while defendants' Recusal Brief cited 28 U.S.C. § 455(b)(1) and asserted actual "bias and prejudice" as a grounds for this court's recusal, *see* Recusal Brief at 15–16, defendants' "Reply Brief in Support of Motion to Recuse," (filed February 5, 1991) (hereinafter, "Reply Brief"), stated that, "[d]efendants do not complain of partiality; they complain of the *appearance* of partiality among other things." Reply Brief at 2 (emphasis original).

█ A motion for recusal must identify cold, hard facts which create the appearance of partiality. Mere conclusory allegations are not enough. *See, e.g., Hansen v. Commissioner of I.R.S.*, 820 F.2d 1464, 1467 (9th Cir.1987) ("a clear and precise showing of prejudice must be made"); *United States v. Jones*, 801 F.2d 304, 312 (8th Cir.1986) (denying motion to recuse where moving party was unable to point to "specific facts" on which motion was based). Accordingly, this court has focused on the eight (8) specific allegations of prejudicial conduct identified in defendants' motion for recusal and has considered the sufficiency of these allegations in the spe-

cific context of this case. To provide an overview of the defendants' position on their recusal motion, the specific allegations on which defendants' motion for recusal is based are set forth, without analysis, in the following section.

## II. Defendants' Allegations of Bias and the Appearance of Partiality

In this section each of the items on which defendants' motion for recusal is based are listed. Each item is followed by a brief notation of defendants' counsel's position with respect to why that particular item is evidence based upon which this court's impartiality might reasonably be questioned. The items identified in defendants' motion to recuse are that:

*Item 1:* The court's entry of December 11, 1990, stated that defendants' counsel had failed to disclose controlling authority to the court and criticized counsel for doing so. The court's entry analyzed counsel's failure against the standards of the Rules of Professional Conduct and Federal Rule of Civil Procedure 11 and questioned "whether defendants' motion ... was based upon a 'belief formed after reasonable inquiry' as required by ... Rule ... 11." *Spangler*, 752 F.Supp. at 1448.

*Counsel's Position:* The court's entry of December 11, 1990, was wrong in that "[d]efendants knew there were such cases and had simply forgotten about them in putting together their making the record consolidated motion (sic)."[4] Recusal Brief

2. In that entry this court also observed that plaintiffs' counsel had contributed to the delay of his clients' case by waiting until the eve of the first trial setting in this case to amend plaintiffs' original complaint.

3. The statute under which the defendant has moved, 28 U.S.C. § 455(a), (b)(1), provides that:
  (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
  (b) He shall also disqualify himself ...
    (1) Where he has a personal bias or prejudice concerning a party ...
  28 U.S.C. § 455. This statute does not specifically mention the appearance of partiality, hostility, lack of self-restraint, lack of judicial calmness, lack of dispassion or lack of impartiality

in demeanor. However, cases construing this statute and a similar recusal statute, 28 U.S.C. § 144, discuss these traits as factors which can lead to the ultimate conclusion that recusal should be granted because of a judge's bias or prejudice or because the judge's impartiality might reasonably be questioned.

4. Defendants' counsel's representation that he knew the law and then forgot about it is interesting given that counsel cited the *Bud Wolf Chevrolet* case on October 17, 1989, as a case standing for the proposition that "some evidence of malice" is required to recover punitive damages. *See* "Proposed Plan for Discovery Conference of Attorneys" attached to October 17, 1989, letter from defendants' attorney, William M. Osborn, to plaintiffs' attorney, Morris L. Klapper. Accepting Mr. Osborn's representa-

at 7. Furthermore, counsel makes the point that "[d]efendants had cited the 1977 *Hibschman Pontiac v. Batchelor,* 266 Ind. 310, 362 N.E.2d 845 (1977) case and the 1981 *Art Hill Ford v. Callender,* 423 N.E.2d 601 (Ind.1981) case [5] to [the] Court (sic) in" a November 22, 1989 brief on an unrelated motion. Recusal Brief at 7. Thus, even though defendants' counsel explicitly stated to this court that "there is no Indiana Supreme Court holding [on point] which defendants can find," [6] defendant's counsel now contends that he "*did* disclose to this Judge the rule of law in question" [7] merely because his briefing on prior unrelated motions happened to contradict, in part, his later representations to this court. Finally, counsel argues that his motion was grounded in fact and warranted by existing law because there was a separate independent ground (specifically the authority of *Bishop v. Firestone Tire & Rubber Co.,* 814 F.2d 437, 447 (7th Cir.1987)), apart from the issue of malice, upon which the court could have stricken plaintiffs' claim for punitive damages. Recusal Brief at 8, 10.

*Item 2:* The court's entry stated that: "This court is concerned about whether defendants' counsel has thwarted plaintiffs' entitlement to have their claims heard in a timely fashion, wasted the time of this court and imposed needless effort and expense upon plaintiffs and plaintiffs' counsel." *Spangler,* 752 F.Supp. at 1447–48.

*Counsel's Position:* Others besides the defendants' counsel, including the plaintiffs and this court, should bear some of the blame for any delays in this case. Defendants' summary judgment motion was not ruled on for eleven months and the court has still not ruled on an aspect of a summary judgment motion made by the defendants over one year ago.[8] Recusal Brief at 10–11, 15–16.

*Item 3:* With respect to the availability of attorney's fees this court commented that: "Defendants claim that Ind.Code § 26–1–2–721 is inapplicable in this case, yet they provide no authority or reasoning in support of their assertion." *Spangler,* 752 F.Supp. at 1450.

*Counsel's Position:* "Defendants did provide the Court (sic) authority and reasoning to support their assertion." Recusal Brief at 11–12.

*Item 4:* This court's "entry [was] critical that defendants should have cited the Indiana Supreme Court cases in (sic) *Bud Wolf Chevrolet, Orkin Exterminating,* and *Travelers Indemnity.*" Recusal Brief at 13.[9]

*Counsel's Position:* Defendants' counsel cited *Bud Wolf Chevrolet* in defendants' reply brief (filed January 16, 1990) (after it had been cited in plaintiffs' response). Defendants' counsel cited *Travelers* in a brief written two years earlier and appended to their reply brief. "[N]either side cited *Orkin Exterminating,* and *Orkin Exterminating* is not directly adverse to defendants' position because of the *Bishop* case." *Id.* at 13.

*Item 5:* The court's entry was thirty-seven pages long. Recusal Brief at 13–14.

---

tions as truthful, it appears that Mr. Osborn was wrong about the law on October 17, 1989; he figured out his error in time for his November 22, 1989, brief (less than six weeks later), and then forgot about his discovery in preparing his next brief, filed six weeks later on January 2, 1990.

5. To a certain extent these cases contradict defendants' counsel's position in his motions to dismiss that, under Indiana law, malice must be present in order to recover punitive damages.

6. *See* "Brief in Support of Defendants' Consolidated Motion to Dismiss" (filed January 2, 1990) at 3.

7. Recusal Brief at 9.

8. The only aspect of a summary judgment motion not ruled upon by this court was taken under advisement by this court and was subsequently mooted by plaintiffs' filing of an amended complaint.

9. The precise comment of this court was that: "Far from finding 'no Indiana Supreme Court holding[s]' on point, defendants should have found three recent Indiana Supreme Court case instructive. *See Bud Wolf Chevrolet, Inc. v. Robertson,* 519 N.E.2d 135 (Ind.1988); *Orkin Exterminating Co. v. Traina,* 486 N.E.2d 1019 (Ind.1986); *Travelers Indem. Co. v. Armstrong,* 442 N.E.2d 349 (Ind.1982)." *Spangler,* 752 F.Supp. at 1445.

*Counsel's Position:* The court's entry on a previous summary judgment motion made by defendants was less than two pages in length and failed to address charges made by the defendant that the plaintiffs had made misleading statements and recited facts not in the record in their response brief. Recusal Brief at 13–14.

*Item 6:* The court's entry contained the following statements:

a. "The mere denial of defendants' motion to strike plaintiffs' claim for punitive damages, however, is insufficient in light of the egregious conduct of defendants' counsel in briefing this issue." *Spangler,* 752 F.Supp. at 1447.

b. "This court intends to express no opinion concerning whether defense counsel's performance was intentionally deceptive or grossly negligent and in heedless disregard of the appropriate conduct of a member of the bar ...." *Spangler,* 752 F.Supp. at 1447.

c. "Instead, however, counsel looked the other way and made statements that, depending on counsel's actual knowledge, bordered on misrepresentation." *Spangler,* 752 F.Supp. at 1447.

d. "The gross negligence or willful misrepresentations of defendants' counsel were not harmless." *Spangler,* 752 F.Supp. at 1447.

*Counsel's Position:* The above quoted language is evidence of hostility, lack of self-restraint, lack of judicial calmness, lack of dispassion and lack of impartiality in demeanor toward the defendants. Recusal Brief at 15.

*Item 7:* In a footnote the court's entry observed that three of defendants' counsel's citations were incomplete in that counsel failed to record that certiorari was denied. *Spangler,* 752 F.Supp. at 1442, n. 6.[10]

*Counsel's Position:* The citations are incomplete but prejudice is revealed because the entry fails to mention that, "three citations of cases in plaintiffs' reply (sic) brief are even more incomplete in that they furnish a Northeastern citation, but not the state." Recusal Brief at 16.

*Item 8:* The court "reserve[d] its decision as to whether sanctions under Rule 11 should be imposed against counsel for the defendants until this case has been concluded" and ruled that "[c]ounsel will have the opportunity to address this question, as well as the type and amount of sanctions, if any, before this court will set sanctions." *Spangler,* 752 F.Supp. at 1448.

*Counsel's Position:* "The practical effect of this postponement would be to impair defendants' defense of this case." Reply Brief at 4.

*Summary:* Counsel for defendants concluded his motion for recusal with the following summation: "Representatives of defendant corporations have studied the entry. They are absolutely convinced that the strong language of this entry means this Judge can not (sic) give them a fair trial in this case.... The [court's] entry has been meticulously prepared. Defendants can only therefore conclude that its (sic) errors outlined above have been knowingly made. Defendants must therefore infer the Judge is biased and prejudiced against them and they can not (sic) have a fair trial."

III. *The Sufficiency of Defendants' Recusal Motion*

A. Lack of an Extrajudicial Source

A basic requirement of a successful recusal motion is that the alleged bias or appearance of partiality must have its origin in a source outside the judicial process. *See United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966) ("alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case");

---

**10.** In that footnote this court noted that: "Defendants' citation to the *Posey v. Clark Equipment Co.,* 409 F.2d 560 (7th Cir.1969), *Bryant–Poff, Inc. v. Hahn,* 454 N.E.2d 1223 (Ind.App. 1983) and *Bemis Co. v. Rubush,* 427 N.E.2d 1058 (Ind.1981) cases in its briefing was incomplete, failing to set forth the fact that certiorari was denied."

*Liberty Lobby, Inc. v. Dow Jones & Co.,* 838 F.2d 1287, 1301 (D.C.Cir.1988) ("It is well settled that a motion for recusal under 28 U.S.C. § 144 or § 455 (1982) must be based upon prejudice from an extra-judicial source"), *cert. denied,* 488 U.S. 825, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988); *Johnson,* 629 F.2d at 291 ("§ 455(a) ... does not alter the type of bias required for recusal ... only extra judicial bias requires disqualification").

Requiring litigants to establish an extra-judicial source for the bias they allege makes a great deal of sense. After all, nearly every decision a judge makes is partisan in the sense that it is more favorable to one side than the other. Indeed, the judicial system is predicated upon the requirement that judges and juries draw conclusions about facts and behavior presented to them in the context of the judicial process. Moreover, litigation frequently unveils unsavory facts about individuals and cases. Were disqualification to result merely because uncomplimentary facts were learned in the course of litigation or because conclusions were ultimately reached based on those facts the law of recusal would surely cause the judicial system to grind to a halt.

Fortunately the law of recusal is not so inimical to dispute resolution. A judge does not create questions of partiality merely by exercising his judgment.

Judgment is the hallmark of the judicial profession and litigants are protected from bias not by its absence but by the contours within which it may be exercised. Parties may insist that their case only be judged based on information which is properly admitted into the judicial system. This requirement gives each side the opportunity to fully respond to the position of the other. Moreover, parties are entitled to a judge and jury committed to refraining from the exercise of judgment until both sides have had an adequate opportunity to present their case. Finally, the parties are entitled to a decision made in accordance with the law and uninfluenced by personal prejudices.

The requirement that a litigant identify an extrajudicial source for bias or the appearance of bias is predicated on the proper parameters for judicial decision-making: judgment is to be exercised on the basis of the law and the facts presented in the judicial forum and must not be influenced by facts and circumstances not presented in that forum. The defendants in this case have not attempted to establish an extrajudicial source for the appearance of partiality they allege. Indeed, the defendants' motion for recusal is based solely upon this court's rulings and the language contained in this court's December 11, 1990 entry. When a motion for recusal fails to set forth an extrajudicial source for the alleged bias and no such source is apparent, the motion should be denied. *See, e.g., Jaffree v. Wallace,* 837 F.2d 1461, 1465 (11th Cir.1988) ("It is simply not enough to voice disagreement with previous rulings by [the judge] ... [n]or is it enough to complain that [the judge] did not expressly consider some of appellant's motions").

Much of the defendants' initial brief on the recusal issue was directed at establishing that this court's conclusions about counsel's conduct were wrong and that the court's errors make "the grounds for recusal ... even stronger." Recusal Brief at 6; *see also* Recusal Brief at 16 (the court's "errors" have led defendants to "infer the Judge is biased and prejudiced against them"). To the contrary, it is axiomatic that a motion to recuse because of the appearance of partiality may not be based merely upon unfavorable judicial rulings regardless of the correctness of those rulings. *See, e.g., McLaughlin v. Union Oil Co. of Calif.,* 869 F.2d 1039, 1047 (7th Cir.1989) ("Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that, the officer had it 'in' for the party for reasons unrelated to the officer's views of the law, erroneous as that view might be"); *United States v. Phillips,* 664 F.2d 971, 1003 (5th Cir.1981) ("a motion for recusal may not ordinarily be predicated upon the judge's rulings in the same or a related case"), *cert. denied,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982); 459 U.S. 906, 103

S.Ct. 208, 74 L.Ed.2d 166 (1982); *United States v. Intern. Bus. Machines Corp.*, 618 F.2d 923, 928 (2d Cir.1980) ("under section 455(a) the bias to be established must be extrajudicial and not based upon in-court rulings"); *but cf. Panzardi–Alvarez v. United States*, 879 F.2d 975, 983–84 (1st Cir.1989) ("judicially acquired information can form the basis of a judge's disqualification under § 455(a)"), *cert. denied*, — U.S. ——, 110 S.Ct. 1140, 107 L.Ed.2d 1045 (1990).

■ Thus, the correctness vel non of this court's rulings in this case is irrelevant to the proper inquiry under 28 U.S.C. § 455(a). Any legal, logical or factual errors this court has made may be corrected on appeal and do not create the appearance of partiality. *See Johnson*, 629 F.2d at 291 ("Normally the judge's rulings at trial do not constitute grounds for recusal because they can be corrected by reversal on appeal").

Courts sometimes comment that rulings or remarks by a trial judge may be grounds for disqualification for actual bias in rare instances [11] where "such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." *Phillips*, 664 F.2d at 1003 *quoting Davis v. Board of School Commissioners*, 517 F.2d 1044, 1051 (5th Cir.1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976); *see also Gardiner v. A.H. Robbins Co.*, 747 F.2d 1180, 1186, 1192 (8th Cir.1984) (trial judge's speech, reprimanding officers of defendant corporation and advising them to "confess" and "beg forgiveness," indicated pervasive bias; "the judge made his comments without a trial and thus without hearing both sides of the case," moreover, the judge had admitted on the record that he was prejudiced).

Defendants, however, have not established the pervasive bias that would allow them to rely on an entry of this court as evidence requiring recusal. Indeed, defendants no longer complain of "actual partiality." According to their most recent brief, defendants "complain [only] of the *appearance* of partiality." Reply Brief at 2 (emphasis original). The content of a trial court's rulings is irrelevant absent an allegation of actual "pervasive" bias. *See, e.g., Phillips*, 664 F.2d at 1003.

Defendants have offered absolutely no evidence of actual bias. They have not asserted that any previous ruling of this court was in error nor have they asserted that they have been denied any opportunity to fully litigate their defenses. The defendants have offered no motive for this court to have animosity toward defendants and have proffered no evidence suggesting that this court has it "in" for defendants. *See McLaughlin*, 869 F.2d at 1047. Defendants' only complaint is with the language and rulings contained in a single entry of this court. This, without more, is not evidence of "pervasive" bias. Indeed, defendants do not claim that it is. Accordingly, defendants' motion for recusal fails because it neither identifies an extrajudicial source for this court's alleged bias nor claims or establishes pervasive bias.

### B. The Language of the Entry

■ The court calendar of the typical federal district judge permits little time for indulgence in prolonged judicial contemplation. Fairness to litigants demands decisions and judgments to be made as quickly as accuracy allows. An important aspect of this court's management of its case load is its communications with counsel.

This court sees no benefit in mincing words when such communication is required. The entry upon which defendants' motion for recusal is based clearly indicated dissatisfaction with the acts and omissions of defendants' counsel in carrying out counsel's responsibilities to this court. The failures identified in that entry included: basing motions filed in this court

---

**11.** The Second Circuit has observed that while "conduct in the course of a trial might be relevant to indicate a bias that can only be explained as a personal prejudice against a party, the fact is that no case in this circuit has ever found such bias on the basis of a trial court's rulings or conduct. This reticence ... is well justified." *Intern. Bus. Machines*, 618 F.2d at 928 n. 6.

on less than thorough legal research, failing to accurately set forth the applicable legal standards in briefing submitted to this court and the failure to withdraw motions based on state law that had been rendered non-meritorious by intervening state supreme court decisions.

When this court observes failures such as these it hesitates to let them go unrecognized. Not only do such failures require unnecessary work but, unchecked, they reward counsel for conduct that does not promote the orderly disposition of the case at hand. *See In re Cooper*, 821 F.2d 833, 843 (1st Cir.1987) ("A judge who believes misconduct has occurred has a responsibility to act. If counsel oversteps his bounds, delay in issuing warnings or taking action may lead to matters getting further out of hand and render it more difficult for the judge to maintain order during trial.").

This court does not believe that its role in litigation is to sit idly by, hesitant to comment on counsel's missteps. It is hoped that this court's comments are not perceived as reflecting inordinate impatience, or incomplete attention to detail. No doubt this court's decisions are in error from time to time, and regretfully can be incorrect. The party on the losing end of a decision, even a preliminary one, may feel that the court has not shown adequate patience in viewing the pleadings of counsel. But, "[i]mpatience is not prejudice.... Even a bad pun ... is not prejudice. Prejudice such as will disqualify a judicial officer ... refers to prejudgment based on information obtained outside the courtroom, rather than to rulings, even if hasty, or errant, formed on the basis of record evidence and other admissible materials and considerations." *Pearce v. Sullivan*, 871 F.2d 61, 63 (7th Cir.1989); *see also Noli v. Commissioner of the I.R.S.*, 860 F.2d 1521, 1527–28 (9th Cir.1988) (recusal not required; "judge was appropriately upset with petitioner's conduct aimed at further stalling the trial").

Counsel complains of the strong language found in this court's December 11, 1990, entry and relies on *Anderson v. Sheppard*, 856 F.2d 741 (6th Cir.1988) (appellate court held that plaintiff did not receive fair trial where the district court revealed open hostility toward pro se plaintiff and prevented him from acquiring new counsel), to assert that strong language may be evidence of hostility and bias.[12] Taken in context, however, the language of this court's entry might barely be described as "colorful." The most explicit of the adjectives used by this court to describe counsel's conduct was probably the word "egregious." No less an authority than the Seventh Circuit recently demonstrated the efficacy of the term "egregious" in describing attorney misconduct. *See McLaughlin*, 869 F.2d at 1047 (awarding sanctions on appeal after defendant had sought recusal of administrative law judge who had sanctioned defendant "for *egregious* contumacy in responding to reasonable requests for ... for discovery") (emphasis added). Certainly, the language contained in this court's entry is consistent with terminology frequently used in judicial opinions.

This court's language falls short of the type of personal invective that sometimes characterizes "[f]riction between court and counsel [but still] does not constitute bias." *F.T.C. v. Amy Travel Service, Inc.*, 875 F.2d 564, 576 n. 13 (7th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 366, 107 L.Ed.2d 352 (1989); *see, e.g., Air–Sea Travelers, Inc. v. Air Asia Co.*, 880 F.2d 176, 191 (9th Cir.1989) (recusal not necessary where the district court "observed that counsel ... had 'misled' the jury by blowing 'cloak and dagger smoke' at it"), *cert. denied*, —— U.S. ——, 110 S.Ct. 868, 107 L.Ed.2d 952 (1990); *In Re Beard*, 811 F.2d 818, 830 (4th Cir.1987) (recusal not required where judge "called attorney ... a 'son-of-a-bitch' and a 'wise-ass' lawyer' "); *United States v. Gregory*, 508 F.Supp. 1218 (S.D. Ala.1980) (no recusal where, after turning

---

12. The *Anderson* case involved the denial of a plaintiff's due process right to a fair trial, and it should be noted that the Sixth Circuit has held that, "reliance on *Anderson* is misplaced" where

the claim is for recusal based on 28 U.S.C. § 455. *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1252 (6th Cir.1989).

over financial disclosure statement to defendant's counsel, judge growled "I hope you choke on it"), *appeal dismissed and mandamus denied*, 656 F.2d 1132 (5th Cir. 1981); *Smith v. Danyo*, 441 F.Supp. 171, 179 (M.D.Pa.1977) (no recusal where judge commented that conduct of plaintiffs' attorney was "grossly improper" and on two occasions remarked that "he was 'shocked' at [p]laintiffs' counsel's conduct"), *aff'd*, 585 F.2d 83 (3rd Cir.1978).

A court need not shrink from using colorful or forceful language. The First Circuit has observed that, "[i]f a concluding paragraph using colorful language to drive home a point proves an entire opinion biased, then few, if any judicial opinions pass muster under section 455(a)." *Blizard v. Frechette*, 601 F.2d 1217, 1221 (1st Cir. 1979). Indeed, in this circuit, were colorful language banned, whole opinions might fall by the wayside. *See, e.g., A.A. Poultry Farms, Inc. v. Rose Acre Farms, Inc.*, 881 F.2d 1396, 1398–1402 (7th Cir.1989) (predatory pricing case between competitors in the egg industry noting, among other things, that, "plaintiff processors squawked about the prices … fowl means [may have been used] … [and defendant] wanted to leave [plaintiffs] scratching in the dust") *cert. denied*, — U.S. ——, 110 S.Ct. 1326, 108 L.Ed.2d 501 (1990).

The other language in the opinion about which counsel complains is the language which sets forth counsel's misconduct. *See, e.g., Spangler*, 752 F.Supp. at 1447 ("counsel's performance was intentionally deceptive or grossly negligent"). This phrasing is not abnormal for a judicial opinion, nor does it reveal hostility to counsel. This language merely reveals that this court was exercising its duty to oversee and monitor the conduct of an attorney practicing before this court. Counsel argues that this court's conclusions about counsel's conduct were wrong. Whether the conclusions this court reached were correct or not is irrelevant. *See, e.g., McLaughlin*, 869 F.2d at 1047.

The appropriate inquiry is whether this court had a reasonable basis for making the comments that it did. In his briefing on the recusal issue defendants' counsel now admits that his representations to this court concerning Indiana law (in counsel's briefs on defendants' motions to dismiss) were erroneous. *See, e.g.*, Recusal Brief at 7 ("Defendants knew there were such cases and had simply forgotten about them"). Thus, it can hardly be doubted that this court acted reasonably in pointing out that counsel breached his responsibility to this court to fully and adequately set forth the applicable law in support of defendants' motions to dismiss.

This court concludes that the language in its December 11, 1990, entry was temperate and judicial in tone and could not, therefore, lead to the reasonable conclusion that this court is prejudiced against defendants. Accordingly, for this reason also, defendants' motion for recusal fails.

C. *Criticism of counsel does not indicate bias toward the client*

■ This court also notes that any criticism contained in this court's entry was directed entirely at defendants' counsel—not at defendants themselves. Courts often must be more active in restraining counsel then client, and a party need not typically fear that disquiet between judge and attorney will color the court's perception of the party. If anything, a court's impatience with counsel is often charged with the realization that the client is not getting what the client paid for. Thus, appellate courts frequently instruct that courts "should determine … disqualification on the basis of conduct which shows bias or prejudice or lack of impartiality by focusing on a party rather than counsel." *Davis*, 517 F.2d at 1052; *accord Henderson v. Department of Public Safety and Corrections*, 901 F.2d 1288 (5th Cir.1990) ("Bias for or against an attorney, who is not a party, is not enough to require disqualification unless it can also be shown that such a controversy would demonstrate a bias for or against the party itself"); *In re Cooper*, 821 F.2d at 841 ("A court's disagreement—even one strongly stated— with *counsel* over the propriety of trial tactics does not reflect an attitude of personal bias against the *client*") (emphasis

original); *Gilbert v. City of Little Rock*, 722 F.2d 1390, 1398 (8th Cir.1983) ("Antipathy to an attorney is insufficient grounds for disqualification of a judge because it is not indicative of extrajudicial bias against a 'party' "), *cert. denied*, 466 U.S. 972, 104 S.Ct. 2347, 80 L.Ed.2d 820 (1984).

Defendants have not identified any criticism in this court's previous entry that was directed at defendants. Rather, this court's criticism was reserved entirely for the conduct of counsel. Indeed, the extent of this court's action was merely to point out counsel's failures and to note that sanctions *might* be imposed if a legitimate reason for the failures was not forthcoming. Counsel was informed that he would have a full opportunity to explain himself before sanctions, if any, would be imposed. This court's entry made quite clear both that its dissatisfaction was with counsel, not defendants, and that disciplinary action would not be imposed without a full hearing.

■ It is the court's role to oversee counsel and to impose sanctions for conduct which falls below the standards of Fed.R.Civ.P. 11. A court does not become unfit to continue to preside over a case merely for fulfilling that role. *See, e.g., Henderson*, 901 F.2d 1288 (affirming district court's denial of recusal and imposition of sanctions for filing recusal motion); *LeMaster v. United States*, 891 F.2d 115, 120–21 (6th Cir.1989) (court's sua sponte suggestion that sanctions were appropriate was not evidence of bias); *Jaffee v. Grant*, 793 F.2d 1182 (11th Cir.1986) (court awarded sanctions against defendant on numerous occasions, in addition to criticizing defendant's litigation tactics, yet no basis for recusal was found), *cert. denied*, 480 U.S. 931, 107 S.Ct. 1566, 94 L.Ed.2d 759 (1987); *see also, United States v. Kelley*, 712 F.2d

884 (1st Cir.1983) (recusal not required where judge authorized wiretap against defendant's counsel because there was probable cause to believe counsel was engaged in obstructing justice). Here again, whether this court would have been correct in sanctioning counsel is largely irrelevant. *See, e.g., In re Cooper*, 821 F.2d at 843 ("Even a judge's mistaken judgment that an attorney is in need of sanctions, like a judge's mistaken ruling on, say, a pretrial motion, would not establish prejudice or the appearance thereof").

Because the criticism identified in defendants' motion for recusal was directed at counsel and not at defendants that criticism "is not indicative of extrajudicial bias against a 'party.' " *Gilbert*, 722 F.2d at 1398. This court's oversight of counsel cannot so handily be turned into a reason for recusal. Defendants' motion fails on this ground as well.

## IV. *Conclusion*

Defendants' motion for recusal identified eight reasons for this court's recusal. As this entry has demonstrated, however, none of the reasons constitutes evidence from which a reasonable observer would doubt that this court would do justice in this case. The defendants' reasons for recusal are all deficient because they emanate solely from judicial rulings made in this case; they do not establish an extrajudicial source for this court's alleged bias and because the language used in this court's rulings was neither intemperate nor directed at a party to this action. Rather, this court's ruling evidenced a legitimate concern over counsel's conduct and described that concern in forceful but not inappropriate language. Defendants' motion for recusal is DENIED.[13] Defendants

---

**13.** In order to resolve the recusal issue this court has found it unnecessary to delve deeply into the explanations defendants' counsel has given for his failures which were identified in this court's prior entry. Indeed, it had been this court's intention to deal with the question of what sanctions, if any, should be imposed against defendants' counsel after the substantive aspects of this lawsuit had been concluded. Also, the court believes that the language in its previous entry indicates that any sanctions that

might be considered regarding counsel's conduct would be directed only against counsel and not against either of the defendant corporations. Therefore, this court considered the issue of sanctions a collateral matter, most appropriately decided at a later point in time.

Nevertheless, defendants claim this postponement would impair their case. Accordingly, this court advises the parties that it is willing to address the question of sanctions prior to trial should the defendants file a written request for

are advised that a challenge to the denial of a recusal request under 28 U.S.C. § 455(a) may be preserved only by immediately moving for a writ of mandamus. *United States v. Sidener*, 876 F.2d 1334, 1336 (7th Cir.1989).

ALL OF WHICH IS ORDERED.

a hearing on the sanctions issue within thirty (30) days of this entry.