STATE of Indiana on the Relation of
Reynaldo C. RONDON, Relator,

v.

LAKE SUPERIOR COURT, CRIMINAL
DIVISION TWO, and the Honorable
James E. Letsinger as Judge Thereof,
Respondents.

No. 45S009010OR643.

Supreme Court of Indiana.

April 10, 1991.

Judith G. Menadue, Elkhart, James Nicholas Thiros, Merrillville, for relator.

James E. Letsinger, Crown Point, Linley Eugene Pearson, Indianapolis, Jon Ernest DeGuilio, Lake County Prosecutor, James J. Olszewski, Office of the Prosecutor, Tracy Edward Page, Crown Point, Arthur Thaddeus Perry, Indianapolis, for respondents.

## ORIGINAL ACTION

PER CURIAM.

This Court issued an alternative writ of mandamus directing the Lake Superior Court, Criminal Division Two, and the Honorable James E. Letsinger, as Judge thereof, to recuse himself from hearing Relator's petition for post-conviction relief and to name a panel of judges from which the parties were to choose a judge to hear the petition for post-conviction relief. We now make that writ permanent.

Relator, Reynaldo Rondon, was sentenced to death on May 10, 1985. Subsequent to a direct appeal, Relator filed a petition for post-conviction relief on June 29, 1990. Seven days later, Relator filed his motion for change of judge, along with a certificate of good faith by counsel and supporting affidavits by both Relator and his counsel alleging bias and prejudice on the part of Respondent, the Honorable James E. Letsinger. Respondent denied this motion.

Ind. Post–Conviction Rule 1(4)(b) provides:

Change of venue from the judge shall be granted when the petitioner files, within ten (10) days of the filing of his petition, an affidavit that the Judge has a personal bias or prejudice against petitioner. The affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be accompanied by a certificate of good faith of petitioner's counsel. For good cause shown, the petitioner may be permitted to file the affidavit after the ten (10) day period. No change of venue from the county shall be granted.

This Court has said that "[p]rovisions for change of judge are to assure not only that a litigant has an unbiased judge but also to assure that he believes that he has an unbiased judge, i.e. that he is being fairly treated." *Adams v. State* (1978), 268 Ind. 434, 436, 376 N.E.2d 482, 483. If a petitioner files his motion for a change of judge in a timely manner and complies with the form required by the rule, the trial court is obligated to grant the motion. *Lombardo v. State* (1986), Ind., 499 N.E.2d 1075.

Relator's compliance with the requirements of P–C.R. 1(4)(b) entitles him to a change of judge.

The alternative writ of mandamus issued earlier is now made permanent.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

DeBRULER, J., dissents with opinion in which GIVAN, J., concurs.

DeBRULER, Justice, dissenting.

Indiana Post–Conviction Rule 1(4)(b) requires that an affidavit for change of judge contain (1) a statement that there is a belief that the judge has a personal bias and prejudice against the petitioner and (2) a statement of facts and reasons for such belief. The rule rejects the proposition that there should be an automatic change of venue in post-conviction cases. I construe this rule to require the trial judge to read the affidavit, consider the historical facts asserted therein as true, and determine whether the facts so considered as true support a rational inference of bias or prejudice. If they do, the motion should be granted irrespective of the actual belief of the judge that he does not have a disqualifying bias or prejudice. If they do not, the motion should be denied and, upon appeal, the appellate court should apply the same test. If, of course, the judge actually has a disqualifying bias, self-recusal is the only course.

Here the facts asserted are that the trial judge presided at the trial and sentenced petitioner to death. Another affidavit stated that the judge had more than one ex parte conversation with the prosecuting attorney about his case. Assuming that these factual assertions are true, they do not support a rational deduction that the judge has a personal bias or prejudice against petitioner. I would deny the writ because the affidavits do not satisfy the requirements of the rule and for the further reason that if the law countenances an original action to review a ruling on a motion for change of venue under the post-conviction rule, that law should be overruled for the reason that appellate rights under these circumstances are surely adequate to assure the right to fair and impartial judge.

GIVAN, J., concurs.