**David ZAVESKY, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 45A04–9007–PC–358.

Court of Appeals of Indiana, Fourth District.

May 14, 1991.

Susan K. Carpenter, Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CHEZEM, Judge.

## CASE SUMMARY

Petitioner–Appellant, David Zavesky, appeals from the denial of his Petition for Post–Conviction Relief (Petition). We reverse.

## ISSUE

Petitioner presents three (3) issues for our review. However, the only issue that needs to be addressed is as follows:

Whether the post-conviction court erred when it denied the Petitioner's Motion for Change of Venue from the Judge (Motion).

## FACTS AND PROCEDURAL HISTORY

Petitioner was charged with Second Degree Burglary. He pleaded guilty and received a one (1) year sentence. Petitioner then filed, *pro se*, his Petition, Motion, and Affidavit of David Zavesky (Affidavit). The post-conviction court denied the Motion. After a hearing, the court also denied the Petition.

## DISCUSSION AND DECISION

Petitioner argues that the post-conviction court should have granted his Motion. In particular, he claims that "[his] [M]otion was timely filed within the ten (10) day period prescribed by the rule, and included the requisite sworn affidavit setting out the facts supporting [his] belief that the

judge had a personal bias [against him]." We agree.

■ We first note the language of Ind. Post–Conviction Rule 1, Section 4(b), which states as follows:

Change of venue from the judge *shall* be granted when the petitioner files, within ten (10) days of the filing of his petition, an affidavit that the judge has a personal bias or prejudice against petitioner. The affidavit shall state the facts and the reasons *for the belief* that such bias or prejudice exists, and shall be accompanied by a certificate of good faith of petitioner's counsel. For good cause shown, the petitioner may be permitted to file the affidavit after the ten (10) day period. No change of venue from the county shall be granted.

[Emphasis supplied.] A post-conviction court must grant a motion for change of judge when a petitioner has fully complied with the requirements of P–C.R. 1, § 4(b). *Lombardo v. State* (1986), Ind., 499 N.E.2d 1075, 1076, *reh. denied.*

The post-conviction court erred in denying the Motion. Petitioner complied with P–C.R. 1, § 4(b). He timely filed the Motion. He also set forth a factual basis, along with various reasons, for his *belief* that the judge was biased or prejudiced against him in his Affidavit. Petitioner stated in part that the judge had "erroneously imposed an unduly harsh sentence," "heard my case, including evidence which should have been inadmissible," "based his harsh sentencing decision on the aforementioned inadmissible evidence," and "recently presided over three (3) causes against me ... the latter cause involving an habitual offender finding supported by the conviction now attacked." As noted in *Davis v. State* (1979), 272 Ind. 192, 396 N.E.2d 893, 895:

The rule is mandatory. A change shall be granted when the motion is timely filed, states a factual basis for a *genuine belief* of bias or prejudice, and is accompanied by the certificate of good faith.[1]

1. No "certificate of good faith" was required in this case because the petitioner proceeded *pro*

In addition, "[p]rovisions for change of judge are to assure not only that a litigant has an unbiased judge, but also to assure that he *believes* that he has an unbiased judge, i.e. that he is being fairly treated." *Adams v. State* (1978), 268 Ind. 434, 376 N.E.2d 482, 483.

■ In the present case, Petitioner did not have to establish *actual* bias or prejudice, but merely that he *believes* the judge is biased or prejudiced against him. *Davis v. State*, 396 N.E.2d at 895. Petitioner established this by his Affidavit. The post-conviction court should have granted the Motion, and it was without jurisdiction to act further with respect to the Petition. *Lombardo*, 499 N.E.2d at 1076.

We reverse and remand with instructions to grant the Motion.

MILLER and RUCKER, JJ., concurring.

*se.* *Adams v. State* (1978), 268 Ind. 434, 376 N.E.2d 482, 483.