**STATE of Indiana on the Relation of Ronald WHITEHEAD, Rickey R. Whitehead, Relators,**

v.

**The MADISON COUNTY CIRCUIT COURT, and Fredrick R. Spencer, Presiding Judge Thereof, Respondents.**

No. 48S00–9312–OR–1437.

Supreme Court of Indiana.

Dec. 29, 1993.

Ronald Whitehead, pro se.

Rickey R. Whitehead, pro se.

Pamela F. Carter, Atty. Gen., for respondents.

SHEPARD, Chief Justice.

Petitioners Ronald and Rickey R. Whitehead seek a writ of prohibition to prevent Judge Fredrick Spencer from holding a hearing on their motion for a change of judge under Indiana Post–Conviction Rule 1, Section 4(b). They also request that the trial court be mandated to grant the motion. We deny their petition.

The Whiteheads received lengthy sentences from the Madison Circuit Court upon their conviction for various offenses, including delivery of cocaine, conspiracy to commit burglary, and conspiracy to commit kidnapping. The Court of Appeals affirmed. *Whitehead v. State* (1992), Ind.App., 601 N.E.2d 17, *transfer denied.* A few months thereafter, the Whiteheads filed a joint petition for post-conviction relief. They also filed a timely motion for a change of judge, accompanied by their own affidavits and a certificate of counsel as contemplated by the rule:

> (b) Change of venue from the judge shall be granted when the petitioner files, within ten [10] days of the filing of his petition, an affidavit that the judge has a personal bias or prejudice against petitioner. The affidavit shall state the facts and the reasons for the belief that such

bias or prejudice exists, and shall be accompanied by a certificate of good faith of petitioner's counsel. For good cause shown, the petitioner may be permitted to file the affidavit after the ten [10] day period. No change of venue from the county shall be granted. P–C.R. 1(4)(b).

The Whiteheads seize on language in this author's opinion in *State ex rel. Rondon v. Lake Superior Court* (1991), Ind., 569 N.E.2d 635, to contend that once a petitioner has complied with the form required by the rule, the trial judge is obliged to grant the motion for a change of judge. Actually, although a majority saw fit to order a change of judge in *Rondon,* the better description of the operation of the rule is found in Justice DeBruler's dissent. *Id.* at 636 (DeBruler, J., dissenting with opinion in which Givan, J., joins).

The provisions for change of judge in post-conviction cases are neither "automatic" as might be said under Indiana Trial Rule 76(B) nor "discretionary" as under Indiana Criminal Rule 13. Instead, as Justice DeBruler explained in *Rondon,* the rule requires the judge to examine the affidavit, treat the historical facts recited in the affidavit as true, and determine whether these facts support a rational inference of bias or prejudice.

The structure and substance of this rule are similar to methods used in the federal courts, and counsel may find federal case law helpful in approaching requests for a change of judge under Indiana Post–Conviction Rule 1. *See, e.g., Spangler v. Sears, Roebuck & Co.,* 759 F.Supp. 1327 (S.D.Ind.1991) (judge should recuse if fully informed objective observer would entertain significant doubt that justice would be done should judge continue to serve); *J.F. Edwards Constr. v. Anderson Safeway Guard Rail,* 542 F.2d 1318 (7th Cir.1976) (only personal bias, not general or judicial bias is disqualifying); *In re Int'l Business Machs.,* 618 F.2d 923 (2d Cir.1980) (earlier adverse rulings do not require disqualification); *United States v. Phillips,* 664 F.2d 971 (5th Cir.) (remarks critical of party or lawyer ordinarily not sufficient), *cert. denied,* 457 U.S. 1136, 102 S.Ct. 2965, 73

L.Ed.2d 1354 (1982), *overruled on other grounds,* 956 F.2d 1309 (1992); *United States v. Holland,* 655 F.2d 44 (5th Cir. 1981) (remarks at trial may show personal prejudice); *United States v. Sibla,* 624 F.2d 864 (9th Cir.1980) (conclusory affidavit insufficient).

The Whiteheads' contention that they were entitled to automatic granting of their motion is thus incorrect. Moreover, Judge Spencer acted quite properly in setting the motion for hearing.

Accordingly, the petition is denied.

DeBRULER, GIVAN, DICKSON and SULLIVAN, JJ., concur.