STATE of Indiana, Appellant–Plaintiff,

v.

Eugene HAHN, Gerryl L. Hahn and Jason Todd Williams, Appellees–Defendants.

No. 18A02–9507–CR–394.

Court of Appeals of Indiana.

Jan. 25, 1996.

Transfer Denied April 17, 1996.

Pamela Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellant.

Alan K. Wilson, Muncie, for Appellees.

## OPINION

ROBERTSON, Judge.

The State of Indiana appeals from proceedings in which the appointed Judge Pro Tempore for the court below denied the State's motion for change of judge and denied its motion to dismiss all charges. We reverse and remand with instructions.

The State charged Eugene Hahn, Gerry L. Hahn, and Jason Todd Williams each with five various misdemeanors. Each defendant then filed a request for a jury trial. The State moved for a consolidation of the trials, and the trial court granted the motion. The court scheduled the trial for March 23, 1995.

On March 22, 1995, the trial court reporter notified the deputy prosecutor in this case that Donald Dunnuck would be appointed Judge Pro Tem for the next day, the date scheduled for trial. As of March 22, 1995, the court docket contained no written minute entry, in any of the three consolidated cases, which purported to appoint a Judge Pro Tem for the trial.

On March 23, 1995, the regular Judge of the trial court appointed Donald H. Dunnuck as Judge Pro Tempore for the court. That same date, the State filed a verified motion for change of judge. In the motion, the deputy prosecutor stated, as mentioned above, that she had learned of the anticipated appointment of the Judge Pro Tempore on the previous day and that no written entry had appeared on the docket at that time. Further, the State alleged a belief that the Donald Dunnuck was:

> actually and personally biased, prejudiced, and interested against a party to these proceedings, that party being the State of Indiana, by and through Prosecutor Richard Reed and his deputies herein of the 46th Judicial Circuit of the State of Indiana, on account of the prosecution of Donald Dunnuck by said prosecutor in State vs. Donald Dunnuck, Cause No. 18C01-92-CF-51, wherein a jury entered a verdict of guilty on two Class D felony counts, Theft and Perjury, which were reduced to judgments of convictions of Class A misdemeanors by the Trial Judge and which convictions were subsequently re-

versed by the Indiana Court of Appeals, transfer to the Indiana Supreme Court having been denied March 3, 1995. Further, attendant to said criminal prosecution, Donald Dunnuck's license to practice law in the State of Indiana was suspended for some 20 months, having only recently been reinstated.

The Judge Pro Tempore denied the motion for change of judge.

The State moved for a continuance to file either an interlocutory appeal or an application for a writ of mandate. The Judge Pro Tempore denied the motion.

The State then moved for a dismissal of all charges against the defendants. The Judge Pro Tempore denied the motion.

The State then rested, without having presented any evidence in support of the charges and without a jury having been sworn to hear the case. The defendants then moved "for a finding of not guilty on all counts against all defendants." The Judge Pro Tempore granted the motion and "enter[ed] judgment in favor of the defendant[s]."

On appeal, the State first claims that the Judge Pro Tempore erroneously denied its motion for change of judge. The State contends it established that Donald Dunnuck entertained an actual prejudice against the State due, in part, to the results of its prosecution of him.

In felony and misdemeanor cases, the state or defendant may request a change of judge for bias or prejudice. Ind.Crim.Rule 12(B). The party shall timely file an affidavit that the judge has a personal bias or prejudice against the state or defendant. *Id.* The affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be accompanied by a certificate from the attorney of record that the attorney in good faith believes that the historical facts recited in the affidavit are true. *Id.* The request shall be granted if the historical facts recited in the affidavit support a rational inference of bias or prejudice. *Id.*

Former provisions of Crim.R. 12 related to a change of judge for cause, and we presumed a judge was unbiased and unprejudiced. *See Isaacs v. State* (1995), Ind., 659

N.E.2d 1036, 1043. As the rule now provides, the request shall be granted if the historical facts recited in the affidavit support a rational inference of bias or prejudice. Crim.R. 12(B).

The language of Ind.Post–Conviction Rule 1 § 4(b) contains language similar to that of Crim.R. 12, in that, "[a] change of judge shall be granted if the historical facts recited in the affidavit support a rational inference of bias or prejudice." Our supreme court has noted, with regard to the predecessor to P–C.R. 1 § 4(b), that:

> the rule requires the judge to examine the affidavit, treat the historical facts recited in the affidavit as true, and determine whether these facts support a rational inference of bias or prejudice.

*State ex rel. Whitehead v. Madison County Circuit Court* (1993) Ind., 626 N.E.2d 802, 803.

The State's verified motion for change of judge includes an affirmation from the deputy prosecutor, "I affirm under the penalties of perjury that the foregoing representations are true." We note that the chief test of the sufficiency of an affidavit is its ability to serve as a predicate for a perjury prosecution. *Hoskins v. Sharp* (1994), Ind. App., 629 N.E.2d 1271, 1277. Despite not having been notarized, the affirmation will subject the deputy prosecutor to a perjury prosecution in the event any of her statements are false. *See id.* We conclude that the motion for change of judge sufficiently complied with the affidavit requirement of Crim.R. 12(B).

The application for a change of judge stated that the current prosecutor and his staff had prosecuted Donald Dunnuck for class D felony theft and perjury and had obtained convictions for those offenses as class A misdemeanors. Attendant to the criminal prosecution, the authorities had suspended Donald Dunnuck's license to practice law in the State of Indiana for some 20 months. This Court subsequently reversed the convictions, and the Supreme Court denied transfer on March 3, 1995. Less than three weeks later, on March 23, 1995, Donald Dunnuck received an appointment as Judge Pro Tempore for a case which involved his prosecutors. The facts recited, taken as true, support a ration-

al inference of bias or prejudice. The Judge Pro Tempore should have granted the motion for change of judge.

The State admittedly did not file its request for change of judge within the time limits of Crim.R. 12(D)(1). The application, however, shows that the deputy prosecutor first obtained knowledge of the cause for change of judge after the time limits set for in the rule. Under Crim.R. 12(D)(2), the applicant may file the application under such circumstances but it must be verified by the party, specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for change, and why the cause could not have been discovered by the exercise of due diligence. The State's application complied with the procedures provided for subsequently discovered grounds for a change of judge under Crim.R. 12(D)(2).

The parties disagree about whether this appeal involves a de facto motion to dismiss or a judgment on the evidence. The defendants do not contest, however, the State's assertion that it may bring this appeal as a reserved question, under Ind.Code 35–38–4–2(4), if the defendant is acquitted.

Inasmuch as the Judge Pro Tempore erroneously denied the motion for change of judge, we need not address whether his ruling constituted a dismissal or a judgment on the evidence. We also need not address the contention that the Judge Pro Tempore erroneously denied the State's motion to dismiss. The proceedings below never should have reached those matters.

Finally, the parties advance arguments about whether the proceedings will deny the defendants their right to a speedy trial and whether a reprosecution of the defendants is proper. The parties should address those issues to the trial court.

Judgment reversed and remanded with instructions to grant the motion for change of judge.

SHARPNACK, C.J., and NAJAM, J., concur.